Cogswell *vs.* The State of Georgia.

---

MITCHELL COGSWELL, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. It is not error in the Judge of the Superior Court to refuse to continue a criminal case on the ground of the absence of a witness, it not appearing that the witness has been subpœnaed, and no reason is given why he was not.
2. Where on a motion for new trial one of the grounds insisted on was, that one of the jury who tried the cause was asleep during a portion of the trial, and no affidavits were filed with the motion, but it was proposed to show by parol, at the hearing, that such was the fact, and the Court refused to hear the witnesses, and refused also the new trial:

*Held,* That the proof ought to be made as a part of the motion in writing, by affidavits attached, and that a new trial ought not, in any event, to be granted on such a ground unless it affirmatively appeared that the prisoner and his counsel did not know the juryman was asleep before the jury retired to find a verdict.

3. When a prisoner was regularly arraigned and pleaded not guilty, and was tried and found guilty and a new trial granted, it is not necessary that he should be again arraigned on the new trial.

Criminal law. Continuance. New trial. Jury. Arraignment. Practice in the Superior Court. Before Judge SCHLEY. Chatham Superior Court. May Adjourned Term, 1872.

Mitchell Cogswell was placed upon trial for the offense of murder, alleged to have been committed upon the person of one Derry Womack, on January 9th, 1872.

The jury returned a verdict of "guilty," whereupon the defendant moved for a new trial upon the following grounds:

1st. Because the Court erred in refusing to continue the case on account of the absence of Joe Hunter, a material witness for the defendant.

2d. Because one of the jurors, to-wit: Patrick Whelan, was at times, asleep during the trial, during the delivery of a part of the testimony, during the argument of counsel and during the charge of the Court.

3d. Because the defendant was not arraigned.

To the above grounds of new trial the Court attached notes, substantially, as follows:

To the first: In the showing for continuance it appeared that the witness had not been served with a subpœna, and no reason was assigned for such failure.

To the second: There was no evidence submitted to the Court upon the hearing of the motion for a new trial, to establish the truth of the fact alleged in this ground. Affidavits should have been submitted, and in their absence the Court refused to hear parol proof.

To the third: The defendant had been previously tried and convicted, and a new trial was awarded to him. Upon the first trial he had waived arraignment and pleaded not guilty. Upon the second trial arraignment was unnecessary.

The motion was overruled, and the defendant excepted upon each of the aforesaid grounds.

Cogswell *vs.* The State of Georgia.

A. P. ADAMS, by HENRY B. TOMPKINS, for plaintiff in error.

ALBERT R. LAMAR, Solicitor General, by A. B. SMITH, for the State.

McCAY, Judge.

1. It would be a very dangerous precedent if we were to interfere with the judgment of the Circuit Judge in refusing this continuance. It does not appear that the witness was subpœnaed. Nor is it set forth what he would testify. The statement in the application that the witness is material is insufficient. The facts he would testify to ought to appear, that the Court may judge of the materiality. Nor does it appear why he was not subpœnaed, or whose fault it was. That a subpœna has been issued is not enough. Who undertook to serve it? We do not know. It may have been the sheriff, or a friend of defendant, or defendant himself. We think there is no ground for a new trial in this refusal. It appears, too, from the record of the first trial, that the witness knew nothing of the case except simply that deceased was a violent man. This might have been material. But from the evidence on this trial, we do not see that it was of any importance in fact. There seems to have been nothing developed that would render proof of this kind of importance.

2. Properly and regularly, the decision of the Judge on a motion for a new trial ought to be on the papers. Any question of fact should appear in the motion, and if affidavits are needed to support the statements, they should form part of or be attached to the motion.

The party called on to show cause has a right to be informed of the movant's case, so that he may be prepared to show cause. To allow either party to appear before the Judge and swear and examine witnesses by parol, might lead to delays,, and would greatly embarrass the Courts. We think, therefore, the rule announced by the Judge, that the facts claimed to be true in this ground for a new trial, should have been

verified by affidavits, and attached to the motion, either origi-
nally or by amendment. We do not, however, mean by this
to say that the affidavit of the juror is the best evidence, or
that it is admissible at all, except to support the verdict or to
explain or deny charges affecting its integrity. But there is
a stronger reason for refusing the motion on this ground than
the want of proper form in the proceeding. It was not even
proposed to show that the defendant and his counsel were not
fully aware of the conduct of his jurymen before the verdict
of guilty was rendered. This must appear affirmatively:
36 *Georgia*, 322; 39 *Ibid.*, 660; 28 *Ibid.*, 439; 26 *Ibid.*, 431.
Parties are not permitted thus to play hot and cold. This
would have been a very good verdict had it been the other
way. Parties cannot know of an impropriety in the jury,
submit to it, taking the chances of a verdict, and then set up
facts which came to their knowledge before the verdict.

3. Whether there should be a new arraignment or not,
seems to be settled by the nature of things. The object and
the form of it, is to read the indictment to the prisoner, and
to give him a formal opportunity to plead. That has been
done. He has heard the indictment read, he has pleaded to
it, and it seems a folly to go àgain over the same form. His
plea of not guilty is on the minutes. It is absurd again to
ask him and get the same reply. The evidence makes a strong
case of guilt. No legal error has been committed, and we
affirm the judgment refusing a new trial.

Judgment affirmed.