## NESBIT v. THE STATE.

Evidence which tends to show that the accused has committed a crime wholly independent of the offense for.which he is on trial is irrelevant, and upon proper objection to such evidence, urged at the time it is offered, it should be excluded.

Argued February 19,—Decided March 23, 1906.

Indictment for assault with intent to murder. Before Judge Hammond. Richmond superior court. December 21, 1905.

*A. L. Franklin,* for plaintiff in error.

*J. S. Reynolds, solicitor-general,* contra.

BECK, J. After having been convicted of the offense of assault with intent to murder, Nesbit made a motion for a new trial, upon several grounds, which was overruled by the court. Exception is taken to the refusal to grant this motion, but in his brief filed in this court counsel for the plaintiff in error urges only that ground which complains of the admission of testimony relating to an attempted assault upon the prosecutor, subsequent to the assault for which the defendant was indicted; hence the other grounds of the motion will be treated as abandoned. The testimony complained of in the sole ground of the motion relied upon by counsel is, in substance, as follows: The accused, on the morning after the assault for which he was tried, accosted the prosecutor and demanded of him, "What you been tending to my business for?" The prosecutor denied interfering. with the business of the defendant; whereupon the latter advanced upon the prosecutor and drew a knife, opening it with his teeth. The prosecutor retreated, and, while running, picked up a rock which he threw at the accused, who was pursuing him. After chasing the prosecutor for about seventy-five. yards—having threatened to "cut his guts out" if he caught him—the accused gave up the chase, and the prosecutor shouted back, while still fleeing, "Never mind, I will have you arrested." This testimony was clearly irrelevant; but while it was not relevant to the charge upon which the defendant was convicted, it must necessarily have tended to create in the minds of the jury the impression that the accused was of violent temper, an aggressive nature, and eager to inflict a personal injury upon the prosecutor; and yet it has no such connection with the alleged assault which was the basis of the charge against the accused as would take it out of the general rule which forbids the introduction of evidence which tends to show

that the accused has committed any crime wholly independent of
the offense for which he is on trial; and the defendant having made
his proper objection to the evidence at the time it was offered, the
court erred in admitting it.   See *Whilden* v. *State,* 25 *Ga.* 396;
Underhill's Cr. Ev. §87.

> *Judgment reversed.   All the Justices concur.*