27497. CREAMER v. THE STATE.

Argued October 11, 1972—Decided November 9, 1972.

*S. Richard Rubin,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, William M. Weller, Morris H. Rosenberg,* for appellee.

NICHOLS, Justice. ■ The first contention to be dealt with is that the in-court identification should be excluded be-

cause of prior identification which violated the defendant's rights under the sixth amendment to the United States Constitution.

As to the identification by the witness Tomascheschi (the wrecker driver), the record shows that a line-up was conducted which included a total of six or seven persons and while the defendant was represented by counsel. It also shows that pictures, including one of the defendant, were shown to the witness after indictment and before the above referred to line-up. Under the decision in Kirby v. Illinois, 406 U. S. 682 (92 SC 1877, 32 LE2d 411) the exhibition of the pictures to the witness would not work a per se exclusion of the identification. The witness testified in great detail as to his opportunity to view the defendant on the night of their original confrontation and was thoroughly cross examined by defense counsel. The State offered in evidence the group of pictures shown to the witness but, upon objection by the defendant to their introduction, were withdrawn, thereby precluding any decision as to whether they were suggestive or otherwise an abuse of identification procedures. The trial court did not err in refusing to suppress the testimony of Tomascheschi.

As to the testimony of Officer Gunlach. Under the Kirby case, supra, the exhibition of the photographs to this officer prior to any arrest or charges having been made did not violate the confrontation rule laid down in United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149), and the manner of such display did not abuse identification procedures. The confrontation which took place at the time the defendant was placed under arrest having come after the officer had twice, without hesitation, picked his picture as that of his abductor, could not be deemed as abusing the identification process.

Accordingly, the enumeration of error complaining of the refusal to suppress this identification evidence shows no error.

■ Evidence was admitted over objection that a witness had seen the defendant in court in Tennessee and that a

photograph which was introduced in evidence was taken on a date near that when he saw the defendant in court and correctly represented his appearance at such time. In support of this contention the defendant cites *Nesbit v. State,* 125 Ga. 51 (54 SE 195); and *Henderson v. State,* 209 Ga. 72 (70 SE2d 713). The *Nesbit* case involves evidence of the defendant's criminal conduct at another time from the offense for which he was on trial. The *Henderson* case involves admissions by the defendant of other crimes while under arrest. Neither case is applicable here.

The admission in evidence of a "mug shot" of the defendant does not inject his character into evidence (*Tanner v. State,* 228 Ga. 829, 832 (188 SE2d 512)), nor does the mere presence of the defendant on trial in some other court without more inject his character into evidence (*Cherry v. State,* 220 Ga. 695 (141 SE2d 412)). This enumeration of error is without merit.

■ The driver of the wrecker who pulled the automobile from the expressway to the storage lot where it was burned testified that he completed the impound ticket on the automobile after it was burned. He was then asked the serial number of the car and responded by orally giving such information. After the witness had been excused, the defendant made a motion to exclude such testimony as being hearsay.

While counsel for the defendant in his objection stated that the witness read such serial number from a paper, this was not shown by the record and although the witness was subjected to a thorough and sifting cross examination, this matter was not touched upon by such cross examination. Accordingly, the contention that such testimony was hearsay is not supported by the record.

However, since the witness testified that he made the impound ticket, such testimony would have been from a memorandum made by him and would not have been subject to the objection made.

■ On re-charge to the jury the court instructed the jury with reference to the elements of armed robbery. The con-

tention made in the sixth enumeration of error is that the trial court did not re-charge that such elements must be proved beyond a reasonable doubt, and emphasized the re-charged portion of the charge.

There is no contention that the trial court in the original charge, or in the additional charge given in response to a request by the jury after it had begun its deliberations, instructed the jury contrary to law. As was held in *Waldrop v. State*, 221 Ga. 319 (8) (144 SE2d 372) (dissents on other grounds), it is not necessary on a re-charge to cover the subject in toto. The subject of reasonable doubt was fully covered in the original instruction and it was not necessary to re-cover this same ground upon the re-charge. No error is shown by this enumeration of error.

■ The verdict was amply supported by the evidence and the trial court did not err in overruling the defendant's motion for a directed verdict as to motor vehicle theft.

*Judgment affirmed. All the Justices concur.*