## 51282. ATCHESON v. THE STATE.

EVANS, Judge.

Defendant was convicted of burglary and sentenced to serve eight years. The appeal is from that judgment and error is enumerated in that (1) testimony of an accomplice was not corroborated; (2) there was insufficient evidence to support the verdict, and (3) the court erred in allowing over objection testimony of a witness for the state which placed the character of the defendant into evidence. *Held:*

1. The evidence shows the defendant and others, while on a drinking spree and while drunk, broke into and entered a country store and a small post office. Two of the accomplices testified against the defendant stating that he was present, *although drunk;* the building was broken into and entered for the purpose of stealing certain items which were thrown out of the window and loaded into a solid gold Cadillac automobile owned by one of the accomplices.

One of the accomplices testified that this defendant broke into and entered the post office by breaking down

the door with a crowbar which was taken from the solid gold Cadillac automobile. The crowbar was found outside the store after the burglary, and other witnesses testified as to seeing the solid gold Cadillac at the store before the burglary.

The cases of *Pitts v. State,* 128 Ga. App. 434, 436 (1, 2, 3, 4, 5) (197 SE2d 495) and *Quaid v. State,* 132 Ga. App. 478, 482 (208 SE2d 336) set forth the following rules with reference to corroboration of an accomplice's testimony: 1. It is not essential that the testimony of the accomplice should be corroborated in every material particular. 2. It is not required that this corroboration shall of itself be sufficient to warrant a verdict, or that the testimony of the accomplice be corroborated in every material particular. 3. Such corroborating circumstances need not be enough to amount to another witness or sufficient to support one to that extent. 4. Slight evidence of corroboration connecting defendant with the crime is sufficient. 5. The sufficiency of corroboration of the accomplice is entirely a matter for the jury. 6. If the accomplice is corroborated in material parts of his testimony, then he may be believed by the jury as to other material parts as to which there is no corroboration. Here the two accomplices corroborate each other and implicated the defendant in the burglary, although one of them testified that the defendant was so drunk that he passed out in the floorboard of the automobile and (the witness) did not know where defendant was while they were in the store. Although there are contradictions between the versions by the two accomplices, there was other testimony corroborating some of their testimony and they corroborated each other in material matters. The jury is the judge of the weight of the evidence. See *Brown v. State,* 232 Ga. 838, 840 (209 SE2d 180); *West v. State,* 232 Ga. 861, 865, 866 (209 SE2d 195). The verdict was not contrary to the evidence and the testimony of the two accomplices and the corroborating testimony was sufficient to justify conviction.

2. The police officer-witness who testified that he arrested the defendant stated that he had previously gotten a picture so that he would know whom to arrest. He was then asked the following question: "Q. Now, did you ascertain his identity at the time you arrested him? A.

Yes, sir, well I recognized him from the previous mug shot . . ." (T. p. 45) Immediately defense counsel moved for mistrial contending that the witness had placed defendant's character in evidence by referring to his picture as a "mug shot." The definition of a mug shot is that of a photograph of a person usually used as an official photograph by police officers (Webster's New Third International Dictionary). But the introduction of a mug shot has been many times held by the Supreme Court not to be erroneous or in violation of Code § 38-202. See *Creamer v. State,* 229 Ga. 704, 708 (194 SE2d 73); *Tanner v. State,* 228 Ga. 829, 832 (188 SE2d 512); *Martin v. State,* 225 Ga. 234 (2), 235-236 (167 SE2d 638); *Cooper v. State,* 182 Ga. 42 (2) (184 SE 716); *James v. State,* 223 Ga. 677 (11), 686 (157 SE2d 471). The court did not err in denying the motion for mistrial on this ground.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

Submitted September 30, 1975 — Decided October 15, 1975.

*James W. Studdard,* for appellant.
*William H. Ison, District Attorney, Michael Anderson, Assistant District Attorney,* for appellee.