BOWEN, Judge,
concurring.
I concur in the opinion of Judge TYSON with the following comments.
From the record it appears that the appellant was not handcuffed or physically restrained. We have held that it is not ground for mistrial that the accused appears in the presence of the jury in handcuffs when such appearance is only a part of going to and from the courtroom. Evans v. State, Ala.Cr.App., 338 So.2d 1033 (1976); Moffett v. State, 291 Ala. 382, 281 So.2d 630, cert. denied, 414 U.S. 1161, 94 S.Ct. 924, 39 L.Ed.2d 114 (1973). For other authority see 6A Alabama Digest, Criminal Law, <§=> 637. Therefore even if the jury saw the appellant leave the courtroom with a deputy sheriff it would not be grounds for a mistrial or require a reversal.
*743 One of the main arguments asserted by the appellant is that the admission into evidence of the “police photographs” of the appellant resulted in the admission of evidence of the appellant’s bad character and evidence of a separate and independent crime. The opinion by Judge Tyson has failed to address this issue. I respectfully submit that a consideration of the question is necessary so that the record may reflect that we have reviewed this case in its entirety.
The photographs of the appellant are commonly referred to as “mug shots”. They depict the appellant’s face in a front view and a profile view and are official police photographs. A series of numbers and the inscription “Police Dept., Alabaster, Ala.” appear at the bottom of each photograph.
The general rule is stated in Scott, Photographic Evidence, 429, § 1081.
“Ordinarily, therefore, when the defendant’s character is not in issue the state should not be allowed to introduce in evidence a photograph of the defendant which shows on its face that it is a rogues’ gallery photograph. Nor should witnesses be allowed to say that they identified defendant by examining a group of police photographs. Nor should a witness be permitted to testify that a photograph being shown to him is from police files.”
See also 30 A.L.R.3d 908, “Annotation : Admissibility and prejudicial effect of admission, of ‘mug shot’, ‘rogues’ gallery’ photograph, or photograph taken in prison, of defendant in criminal trial.”
However each case must be reviewed on its own merits and the admission of a mug shot, even where proper objection is made, does not automatically require a reversal. In some decisions where the use of mug shots has been upheld, the courts have stressed that the photographs in question were used to prove an extrajudicial identification. 30 A.L.R.3d at 911, § 3(a).
Although there is authority to the contrary, there is support for the rule that the admission of a mug shot does not interject a defendant’s character into evidence. Atcheson v. State, 136 Ga.App. 152, 220 S.E.2d 483; Creamer v. State, 229 Ga. 704, 708, 194 S.E.2d 73 (1972) and cases cited.
In Carson v. State, 49 Ala.App. 413, 272 So.2d 619 (1973) this court held that the introduction of a police photograph of the appellant taken prior to the offense for which he was tried and which was shown by police officers to witnesses who identified the appellant as being one of the persons involved in the robbery did not violate the rule against proving other offenses committed by the appellant where no evidence was offered by the state of any previous conviction of the appellant. Shiflett v. State, 52 Ala.App. 476, 294 So.2d 444 is not in point.
Under Carson, the admission of the police photographs was not error. Additionally, this ground for objection was not asserted at trial and therefore must be considered as waived on appeal. Roynica v. State, 54 Ala.App. 436, 309 So.2d 475, cert. denied, 293 Ala. 772, 309 So.2d 485, cert. denied, 423 U.S. 858, 96 S.Ct. 111, 46 L.Ed.2d 85 (1974); See 6A Alabama Digest, Criminal Law, 695(5). For these reasons the admission into evidence of the “mug shots” was not error.