## 55723. JENKINS v. THE STATE.

Smith, Judge.

The appellant was convicted of armed robbery, aggravated assault, and aggravated battery. The evidence showed that he entered the home of Florence Gautier, robbed her at knife point, attempted to smother her with a pillow, stabbed her repeatedly in the neck, and left her for dead. He was sentenced to life imprisonment for armed robbery, and to 10 years each on the other counts. The 10 year sentences were concurrent to each other but consecutive to the life sentence. This appeal enumerates as error: prejudice on the part of a potential juror and the trial judge; the trial court's refusal to allow both appointed and retained counsel to speak for the appellant at trial; admission of illegally seized evidence; admission of a photograph lineup; admission of other photographic evidence; the insufficiency of the evidence; and the cruel and unusual punishment. We find no error, and the judgment is affirmed.

1. During voir dire, a member of the jury panel responded to questions about partiality by stating that she was prejudiced in favor of Mrs. Gautier, the victim. The court inquired further, and the prospective juror clarified her remark by affirming that she was not prejudiced against this defendant, that she had no notions or biases as to whether the defendant was guilty or innocent of the crime charged, but that she was simply prejudiced against crime. During this transaction, the trial judge let it be known that he, too, was prejudiced in favor of the victim, but not against the defendant. Error is enumerated on the trial judge's refusal to exclude the

juror for cause and to grant a mistrial because of his own statement.

In *Parker v. State,* 34 Ga. 262, 266 (1866), a juror gave an answer similar to the one here, and Chief Justice Lumpkin wrote: "Now, the only question is, does the prejudice referred to in the law apply to the person of the accused, or to the offense for which he stands indicted? We think the former: otherwise, all good men would be disqualified to sit as jurors in all criminal cases. For, if they feel as they should do, they should desire the suppression of crime, and this desire will be in proportion to the aggravation and frequency of the offense. This feeling may serve to stimulate their zeal to bring delinquents to punishment. But it does not follow, by any means, that it will so warp their judgment as to render them incapable of doing justice to the parties, according to the law and the evidence of the case." We believe the above reasoning is equally applicable here. There was no real dispute as to the fact that the victim here had been brutally attacked and ruthlessly stabbed in the neck; the only dispute concerned the identity of the perpetrator. We cannot conceive any prejudice arising from a reasonable and wholesome compassion for this victim, so long as these feelings clearly do not lead to any pre-disposition, favorable or unfavorable, toward the defendant. Both the juror and the judge positively indicated the absence of any such prejudice, and for this reason we find no merit in this enumeration of error.

2. We find no error in the court's decision not to allow the appellant's retained counsel to question witnesses or present argument during the trial. Counsel was appointed for the appellant, and some confusion arose as to whether a different attorney had been hired by the appellant's family to represent the appellant. The trial judge conferred with this latter attorney, who indicated he had been paid some money by the appellant's family, but not enough to take full trial responsibility, and he declined at that time to accept full responsibility; the court, therefore, did not relieve the appointed counsel. At the trial, the retained attorney was permitted to sit at the counsel table during jury selection and from time to time during the trial, and he conferred with appointed counsel.

But the trial court did not allow him to be a vocal participant. We do not believe the trial judge's actions, under these circumstances, amounted to an abuse of discretion. See *Nations v. State,* 234 Ga. 709 (217 SE2d 287) (1975).

3. No constitutional violation is apparent from the fact that the appellant's mother, at a time when the appellant was still a minor and was living at home with her, supplied police officers with articles of the appellant's clothing. No search is involved, and the evidence supports a conclusion that the mother's cooperation was voluntary; hence, the appellant has no standing to complain. *Williams v. State,* 236 Ga. 686 (225 SE2d 50) (1976).

4. We find nothing objectionable about the photograph lineup in which the victim identified the appellant. The photograph of the appellant is not unduly dissimilar from the other five photographs so that the line-up would have been improperly suggestive. Also, the appellant's character was not placed in issue by the fact that his photograph was a "mug shot." *Tanner v. State,* 228 Ga. 829 (6) (188 SE2d 512) (1972).

5. Other photographic evidence objected to was properly admitted upon proper foundation. The evidence authorized the verdict. We flatly disagree with the contention that the appellant's sentence constitutes cruel and unusual punishment. See *Crawford v. State,* 236 Ga. 491 (224 SE2d 365) (1976). These remaining enumerations require no further elaboration.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

Submitted April 4, 1978 — Decided June 29, 1978.

*Bobby Bearden,* for appellant.

*W. Donald Thompson,* District Attorney, *Charles Weston, Willis B. Sparks, III,* Assistant District Attorneys, for appellee.