## 62197. CLARK v. THE STATE.

QUILLIAN, Chief Judge.

The defendant appeals his armed robbery conviction. *Held:*

1. During the course of the State's direct examination of an agent of the Georgia Bureau of Investigation it was brought out that the witness had obtained a photograph of the defendant. Then transpired the following question and answer: "Q. Now, how did you happen to get a photograph of Tracy Scott Clark? A. At the time we

received the request from the Meriwether County Sheriff's office, I was in my office in Thomaston, Georgia, while en route from Thomaston to Warm Springs, another one of our agents, Agent Richard Hayes, had heard the transmission over the two-way radio concerning the robbery. *He had contacted the local State Patrol Agency here and at that time stated that he knew of possible suspects, whose method of operation was similar to the description of those that the look-out was posted on . . .*"(Emphasis supplied.) Counsel for the defendant then moved for a mistrial on the ground that such testimony placed the defendant's character in issue, indicating that he was involved in illegal activity. After argument of counsel, the trial judge overruled the motion but instructed the jury as follows: "I'll ask you to ignore the last question and the last answer given in this case. Do not consider it as testimony in the case. Do not consider it in anyway in your deliberations of this case at any time. I've ruled it inadmissible and you will not consider it in any way. Dismiss it from your mind."

The motion for mistrial was subsequently renewed and on appeal the defendant now asserts error on the failure to grant the motion.

"The trial court has a broad discretion in passing on motions for mistrial, and its ruling will not be disturbed by the appellate courts unless it appears that there has been a manifest abuse of discretion and that a mistrial is essential to the preservation of the right to a fair trial. *Gassaway v. State,* 137 Ga. App. 653, 657 (224 SE2d 772); *Jones v. State,* 128 Ga. App. 885, 886 (198 SE2d 336). Where a motion for mistrial is made on the ground of inadmissible matters being placed before the jury, the corrective measure to be taken by the trial court also is largely a matter of discretion, and where proper corrective measures are taken and there is no abuse of that discretion, the refusal to grant a mistrial is not error." *Bradham v. State,* 148 Ga. App. 89, 94-95 (250 SE2d 801). In the instant case criminal activity was not directly attributed to the defendant and furthermore the defendant introduced testimony as to his character into evidence through several defense witnesses. We therefore find the trial judge's corrective action to be sufficient and it was not error to overrule the motion for mistrial.

2. A photographic display shown to three State's witnesses was not impermissibly suggestive and under the totality of the circumstances, the trial judge properly denied the defendant's request for suppression of the in-court identification by the witnesses. See *Jenkins v. State,* 146 Ga. App. 458 (4) (246 SE2d 466); *Heyward v. State,* 236 Ga. 526 (1) (224 SE2d 383); *Stroud v. State,* 246 Ga. 717 (2b) (273 SE2d 155).

3. The State introduced into evidence the photographic display from which the witnesses identified the defendant. Defense counsel objected on the grounds that such photographs had no probative value and were offered to inflame and prejudice the minds of the jury. On appeal it is urged that the photograph of the defendant was captioned "Police Department, Carrollton, Georgia" (the other photographs were similarly inscribed) and contained the date "08-17-80." It is contended that the introduction of a "mug shot" injected defendant's character into evidence.

We point out that objections urged on trial may not be enlarged on appeal. *Kingston v. State,* 127 Ga. App. 660, 661 (194 SE2d 675). Be that as it may, in *Cooper v. State,* 182 Ga. 42 (2a) (184 SE2d 716) the Supreme Court sanctioned the trial court's admission of a photograph of the defendant over the objection that "it tended to put the defendant's character in issue, . . . for the reason that the picture itself showed on its face that it was a picture from what is commonly known as the Rogue's Gallery, and that the jury would know from said picture that the defendant was an ex-convict . . ." We find no merit in defendant's objection. See *Atcheson v. State,* 136 Ga. App. 152, 154 (220 SE2d 483); *Jenkins v. State,* 146 Ga. App. 458 (4), supra; *Creamer v. State* 229 Ga. 704, 708 (194 SE2d 73); *Lee v. State,* 237 Ga. 179 (2) (227 SE2d 62); *Knight v. State,* 243 Ga. 770, 775 (3) (257 SE2d 182).

4. No question is raised regarding the sufficiency of the evidence to sustain the conviction.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JULY 1, 1981 —

*William P. Johnson, Sam D. Price,* for appellant.

*Arthur E. Mallory III, District Attorney, Gerald S. Stovall, Marc E. Acree, Harger W. Hoyt, Assistant District Attorneys,* for appellee.