## 37854. CLARK v. THE STATE.

PER CURIAM.

We granted certiorari to review the Court of Appeals' holding that *Cooper v. State,* 182 Ga. 42 (2) (184 SE 716) (1936), authorized the introduction of appellant's "mug shot" notwithstanding that it was captioned "Police Department, Carrollton, Georgia" and contained a date that preceded the date of the offense for which appellant was on trial. See *Clark v. State,* 159 Ga. App. 136 (282 SE2d 752) (1981).

The record, however, reveals that the only ground of objection raised at trial related to the mug shot being part of an "impermissibly suggestive" photographic display. Such an objection does not raise the issue presented in the application for certiorari, i.e., whether the photograph impermissibly placed appellant's character into issue.

It is well settled that "[g]rounds which may be considered on appeal are [generally] limited to those which were urged before the trial court. *Kitchens v. State,* 228 Ga. 624 (1) (187 SE2d 268) (1972)." *Kingston v. State,* 127 Ga. App. 660, 661 (194 SE2d 675) (1972). We find no basis for departing from this principle in the instant case. See *United States v. Fosher,* 568 F2d 207, 214 (5th Cir. 1978). The criteria for the grant of certiorari not being satisfied, the writ is hereby vacated.

*Writ of certiorari vacated. All the Justices concur, except Weltner, J., who concurs specially.*

DECIDED FEBRUARY 16, 1982.

*W. P. Johnson, Sam D. Price,* for appellant.

*Arthur E. Mallory III, District Attorney, Harger W. Hoyt, Assistant District Attorney,* for appellee.

WELTNER, Justice, concurring specially.

I concur entirely in the Per Curiam opinion, and add this special concurrence only to address substantively the general question of the use of a photograph of an accused (commonly called a "mug shot")

which discloses, upon its face, that the photograph was taken pursuant to a police procedure.

Independently of the rules of law, it is incontestable that the prior criminal record of an accused can serve to enlighten an inquirer on matters such as motive, intent, and state of mind — all of which are *in fact* relevant to the issue of guilt or innocence in the prosecution for a subsequent crime. (Can anyone deny that evidence of four prior convictions for burglary will serve to illuminate the *intent* of an intruder caught within another's home at midnight?)

As a policy consideration — whether right or wrong — courts uniformly have excluded such information unless an accused first places his character into issue.

Our Per Curiam opinion does not reach the substantive question as to whether the photograph in this case impermissibly placed the accused's character into issue, and this special concurrence, relating as it does to that contention, is *dictum.* Nonetheless, I record my view, for what value it might be, which is this: a photograph of an accused which on its face contains a caption similar to that in this case "Police Department, Carrollton, Georgia," and a date which precedes the date of the offense for which the accused was prosecuted is the substantive equivalent of oral testimony establishing that the accused was arrested, photographed, and "booked" (whatever that means to the lay mind) by the police authorities of Carrollton, Georgia, on a date preceding the date of the offense for which he is being prosecuted.

Equivalent oral testimony would be prohibited under our law. A photograph, which is but graphic witness to the same event, should likewise be excluded — particularly as the evil may be exorcised by one snip of the scissors.