## 64900. ADKINS v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was convicted of the offenses of armed robbery, violation of the Georgia Firearms and Weapons Act (possessing a sawed-off shotgun having a barrel less than 18 inches in length and overall length less than 26 inches) and possession of a firearm by a

convicted felon (after having been convicted of the felony of forgery in the first degree). Defendant appeals. *Held:*

1. Defendant was not here charged with recidivism but he contends that trying him for the offense of having been convicted of a felony and thereafter being in possession of a firearm (Code Ann. § 26-2914; Ga. L. 1980, p. 1509 [Official Code of Georgia Annotated, § 16-11-131, amended by Ga. L. 1982, p. 1171, § 2, eff. November 1, 1982]), and the use of this charge during the trial and deliberation as to the counts for armed robbery and possession of the sawed-off shotgun, prejudiced his right to a fair trial by denial of due process and equal protection of the law. However, under the count for the possession of a firearm by a convicted felon an essential element of that count is his prior conviction of a felony and his possession thereafter of a firearm, in this instance a sawed-off shotgun. Code Ann. § 26-2914, supra, has heretofore been distinguished from a general recidivist statute which relates only to punishment, and the issue raised by defendant is controlled adversely to him by the decision in *Prather v. State,* 247 Ga. 789, 790 (2) (279 SE2d 697). The Supreme Court holding therein that it was analogous to *Ingram v. State,* 237 Ga. 613, 614 (2) (229 SE2d 416), and did not impermissibly put his character in issue as same was a necessary element of the state's proof as to the crime charged. See also *Biggers v. State,* 162 Ga. App. 163, 165 (2) (290 SE2d 159). There is no merit in defendant's complaint.

2. Defendant next complains of the introduction into evidence of a mug shot of him which showed jail bars and three-way mirrors showing in the background, thus prejudicing his right to a fair trial by placing his character into evidence. Yet, such photographs have previously been held not to have impermissibly placed the defendant's character in issue in a number of cases. See in this connection *Knight v. State,* 243 Ga. 770, 775 (3) (257 SE2d 182); *Lee v. State,* 237 Ga. 179, 180 (2) (227 SE2d 62); *Clark v. State,* 159 Ga. App. 136, 138 (3) (282 SE2d 752), s.c. 249 Ga. 18 (287 SE2d 523). But compare the recent case of *Stanley v. State,* 250 Ga. 3 (295 SE2d 315) although criticizing the practice in that case yet affirmed s.c. 161 Ga. App. 661 (2) (288 SE2d 683), for a different reason, the trial court in that case having ruled out the offensive testimony and properly instructed the jury not to consider the testimony with respect to the mug shots which had identified the defendant as having a prior record of a criminal offense or offenses. Nevertheless, the above cases control the situation in the case sub judice, and the admission here did not impermissibly place the defendant's character before the jury. There is no merit in this complaint.

3. The evidence submitted at the motion for new trial hearing

did not support the claim that a juror was asleep or dozing during the trial. Further, it appears that the defendant himself witnessed the activity or inactivity of the juror, and no complaint was made at the time of its occurrence and prior to the case going to the jury and was raised for the first time before the trial court in defendant's motion for new trial. The findings of fact by the trial court are binding and controlling on the appellate courts and will not be disturbed unless clearly erroneous or wholly unsupported by the evidence. See *Hanna Creative Enterprises v. Alterman Foods,* 156 Ga. App. 376 (1) (274 SE2d 761); *American Century Mortgage Investors v. Strickland,* 138 Ga. App. 657, 661 (1) (227 SE2d 460). We find no merit in this complaint.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED NOVEMBER 3, 1982.

*Audrey P. Biloon,* for appellant.
*Willis B. Sparks III, District Attorney, George F. Peterman III, Assistant District Attorney,* for appellee.