### 67289. McCONNELL v. HAVER et al.

BANKE, Judge.

The appellant sued to recover for personal injuries he allegedly sustained in an automobile collision. The jury returned a verdict in his favor in the amount of $1,000; however, based on a stipulation by the parties that the Georgia Motor Vehicle Accident Reparations Act applied and that any verdict for the appellant would be reduced by the sum of $5,000, the trial court awarded him a judgment for costs only.

The collision occurred as the appellant was making a left turn into his driveway while the driver of the other vehicle was attempting to pass him. The appellant testified that he had his left turn signal on, whereas the other driver testified that the appellant neither used his turn signal nor otherwise indicated he was going to turn. In this appeal, the appellant contends that the court erred in charging the jury on comparative negligence and in failing to take proper remedial action upon observing that one of the jurors had fallen asleep during the trial. *Held:*

1. The charge on comparative negligence was authorized by the testimony that the appellant failed to signal his turn. See *Davis v.*

*Hammock,* 123 Ga. App. 33 (3) (179 SE2d 283) (1970).

2. The enumeration of error regarding the somnolent juror is based on the following exchange: THE COURT: "Excuse me, just a minute. The lady there in the front row, would you please wake her up?" THE JUROR: "I'm listening." THE COURT: "Be sure and stay awake. You have to listen to this." The appellant did not move for a mistrial or request any other remedial action following this exchange and is consequently barred from raising the issue on appeal. "Parties cannot know of an impropriety in the jury, submit to it, taking the chances of a verdict, and then set up facts which came to their knowledge before the verdict." *Cogswell v. State,* 49 Ga. 103 (2), 106 (1873). See also *Adkins v. State,* 164 Ga. App. 273 (3) (297 SE2d 47) (1982).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED DECEMBER 5, 1983.

*Richard E. Stark, Donald F. Ruzicka,* for appellant.
*Thomas S. Carlock, William E. Zschunke,* for appellees.