## 42712. FOSTER v. THE STATE.

(339 SE2d 256)

Gregory, Justice.

Willie James Foster was convicted of the offenses of murder and armed robbery in a jury trial in Fulton Superior Court. He appeals from the conviction and the denial of his motion for new trial enumerating as error, on due process grounds, the refusal of the trial court to grant a mistrial because one juror slept during part of the court's charge. Because Foster failed to timely move the court below for relief, we affirm.

On August 25, 1983 Tommie Lee Anderson was killed in her mother's driveway by a robber using a .38 caliber pistol. Her purse containing approximately $1,000, the proceeds of bonds she had just cashed, was taken. Witnesses described the robber who wore blue jeans, tennis shoes and a stocking cap. The stocking cap was found in the street near the driveway. Two accomplices, Moreland and Blue, testified at trial that Foster did the killing and robbing while they waited in the get-away vehicle. Blood on tennis shoes traced to Foster matched the blood of the victim. Hair consistent with Foster's hair was found on the stocking cap.

1. We find the evidence produced at trial sufficient to have authorized a rational trier of fact to conclude that Foster was guilty beyond a reasonable doubt of the murder and armed robbery of Tommie Lee Anderson. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial began on Monday, March 18, 1985. The next afternoon at 2:23 p.m. jury deliberations began. A recess for the night was declared at 5:05 p.m. The next day deliberations continued until 3:35 p.m. when the verdict of guilty of both offenses was returned. At that time the jury was polled, after which defense counsel moved for a mistrial and stated in his place that he observed a juror, who later turned out to be the foreman, asleep during the last two-thirds of the jury charge. Foster testified that he saw the sleeping juror also.

Should a juror fall asleep during the course of a trial it is the duty of the trial judge to awaken him. Should counsel or the parties in a trial observe a sleeping juror it is their duty to bring it to the

attention of the court. What a litigant may not do is observe a juror sleeping, fail to bring this to the judge's attention at a time when corrective action may be had, take a chance on a favorable verdict, and then when the verdict is unfavorable have a mistrial or new trial because of the otiose juror. *Trenor v. State*, 252 Ga. 264 (5) (313 SE2d 482) (1984); *Cogswell v. State*, 49 Ga. 103 (2) (1873); *McConnell v. Haver*, 169 Ga. App. 212 (2) (311 SE2d 862) (1983); *Adkins v. State*, 164 Ga. App. 273 (3) (297 SE2d 47) (1982). There was an alternate juror available at all times to be substituted for the sleeping juror had the matter been brought to the trial court's attention. This could have been done outside the presence of the jury at some convenient time prior to verdict. Foster would have needed to take no action which might have been offensive to the juror. A bench conference during the charge would have allowed the court to awaken the juror and recharge if necessary. Foster's own action denied the court an opportunity to take corrective measures short of a mistrial or new trial and we hold he is not entitled to relief on this appeal.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 13, 1986.

*Hester & Hester, Frank B. Hester*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Staff Assistant Attorney General*, for appellee.