73658. ROUNDTREE v. THE STATE.
(353 SE2d 88)

DEEN, Presiding Judge.

Johnny Roundtree was convicted of armed robbery and appeals following the denial of his motion for a new trial, contending that the trial court erred in admitting into evidence state's exhibit R1, which included a "mug shot" of appellant with the caption "Lowndes Co. Sheriff's Dept., 821044 6-17-82." *Held:*

Appellant claims that the introduction of the photograph which contained the caption indicating the date of his arrest for a prior crime impermissibly placed his character in evidence.

While the introduction of a mug shot which contains the objected-to information does not render a photographic lineup impermissibly suggestive, *Clark v. State,* 249 Ga. 18 (287 SE2d 523) (1982), we agree with Justice Weltner's special concurrence that such a photograph is the equivalent of oral testimony establishing appellant's arrest for a prior crime and would therefore impermissibly place his character in evidence. As such testimony is prohibited unless it falls within a recognized exception to the prior crimes rule, it was error for the trial court to permit this photograph to be admitted into evidence with the caption visible.

*Judgment reversed. Birdsong, C. J., and Pope, J., concur.*

DECIDED JANUARY 23, 1987.

*M. E. Thompson, Jr.*, for appellant.
*H. Lamar Cole, District Attorney, Elise B. Ossen, Assistant District Attorney*, for appellee.