## 77093. BUSH v. THE STATE.
### (372 SE2d 847)

Benham, Judge.

Appellant was convicted of armed robbery. On appeal he contends the trial court erroneously denied his motions for mistrial which were made in response to the State's alleged violation of pre-trial rulings made by the trial court. We affirm.

1. Before trial, the trial court granted appellant's motion in limine with regard to testimony mentioning drug use by appellant. The arresting officer, when asked at trial, "What, if anything else, did you ask the defendant [following his arrest]?" testified, "I may have asked him if he was on drugs or anything like that." A defense objection was sustained, and the trial court instructed the jury to give no consideration to any possible drug involvement because there was absolutely no evidence that appellant was involved with drugs. Appellant moved for a mistrial, which was denied.

" 'The trial court has a broad discretion in passing on motions for mistrial, and its ruling will not be disturbed by the appellate courts unless it appears that there has been a manifest abuse of discretion and that a mistrial is essential to the preservation of the right to a fair trial. [Cits.] Where a motion for mistrial is made on the ground of inadmissible matters being placed before the jury, the corrective measure to be taken by the trial court also is largely a matter of discretion, and where proper corrective measures are taken and there is no abuse of that discretion, the refusal to grant a mistrial is not error.' [Cit.]" Clark v. State, 159 Ga. App. 136 (1) (282 SE2d 752) (1981). Since the trial court's corrective action was sufficient, it was not error to deny the motion for mistrial.

2. Prior to trial, the trial court ruled that the investigating officer would not be permitted to testify about hearsay reports he had received. At trial, the officer stated that he "received information . . . about an ex-employee that had information on who had done a robbery at the restaurant a few days earlier." The trial court immediately had the jury retire, repeated its pre-trial ruling prohibiting the introduction of the hearsay, and warned the witness against repeating hearsay. Appellant then made a motion for mistrial, which was denied. In light of the trial court's immediate and decisive action, we cannot say that the denial of the motion for mistrial amounted to an abuse of discretion and that appellant was denied his right to a fair trial. See Clark, supra.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 7, 1988.

*Allison V. Cobham,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Assistant District Attorneys,* for appellee.