## 77464. HOLLOWAY v. THE STATE.
(379 SE2d 542)

Benham, Judge.

In this appeal from his conviction for armed robbery, appellant raises as issues the sufficiency of the evidence and the admission of certain evidence.

1. The clerk of a shoe store testified that he was robbed by two men. One of them wore a red jogging suit and pointed a pistol at the clerk, ordering him to lie facedown in the back room of the store. The clerk testified that a pistol shown him at trial (the evidence showed it was taken from appellant's car when he was arrested) was not inconsistent with the weapon pointed at him during the robbery, but that his inexperience with firearms prevented him from determining with certainty whether it was the same gun. Although the clerk could not watch the robbery because he was lying facedown, his hands taped together behind him, and his head covered by a cloth, he testified that he listened to the robbers and, when asked, told one of them how to open the cash register. After he could not hear them anymore, the clerk managed to get his hands loose and go for help. The robbers were gone and so was a large quantity of merchandise and money and two large boxes. Another witness testified that he lived in a nearby apartment complex and that he had gone to the shopping center containing the shoe store to buy a newspaper on the day the robbery occurred. As he approached the shopping center, he testified, he saw a car parked in the apartment complex parking lot and spoke to the driver, whom he identified as appellant. On his way back with his newspaper, the witness saw a man wearing a red jogging suit walk out of the shoe store carrying a large box. That man walked ahead of the witness, and another man carrying a large box came out of the shoe store after the witness passed. As the first man approached the car the witness had noticed, the driver got out and opened the trunk of the car. The witness observed that appellant walked as though one leg

were shorter than the other; evidence at trial established that appellant has a prosthetic leg as a result of a wound suffered in Vietnam. The witness testified that he stopped to converse with a friend and watched both of the men who carried boxes out of the shoe store load the contents of them into the trunk of the car. Although he did not get the license plate number of the car at that time, the witness testified that he saw the car in the same shopping center's parking lot several times thereafter and noted the license plate number on another occasion. In addition to identifying appellant at trial as the man he saw waiting in a car on the day of the robbery, the witness made the same identification in a photo lineup.

We find that evidence sufficient to authorize any rational trier of fact to find appellant guilty of armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Thompson v. State*, 186 Ga. App. 421 (1) (367 SE2d 586) (1988). It follows, therefore, that there was no error in denying appellant's motion for a directed verdict of acquittal. *Garrett v. State*, 184 Ga. App. 715 (3) (362 SE2d 423) (1987).

2. Citing *Roundtree v. State*, 181 Ga. App. 594 (353 SE2d 88) (1987), appellant contends that the trial court committed reversible error by admitting into evidence a mug shot of him which showed on its back that it was from the files of the sheriff's department. However, in *Roundtree* and in Justice Weltner's special concurrence in *Clark v. State*, 249 Ga. 18 (287 SE2d 523) (1982), cited in *Roundtree*, an important element was that the caption on the photograph revealed that it was taken on a date prior to the offense in question, thereby indicating a previous arrest of the accused and putting his character in issue. In the present case, however, the date on the back of the photograph was more than a month after the date the crime here was committed and was one day after appellant was arrested for this robbery. A photograph made at the time of an accused's arrest does not suggest that there were prior arrests so as to put his character in issue. *Anderson v. State*, 152 Ga. App. 268 (2) (262 SE2d 560) (1979). Since there was nothing on this photograph to indicate that it was made on a prior occasion, and the only date on it was shortly after his arrest, we find no undue prejudice to appellant in its admission and, consequently, no error.

3. In his final enumeration of error, appellant complains of the admission into evidence of red athletic clothing and a pistol found in his car. The basis of his complaint is that the testimony at trial did not establish that the clothes were those worn by one of the robbers or that the pistol was the same one used in the robbery.

We find no error in the admission of the evidence. First, the items were admissible as a circumstance of appellant's arrest. *Shaw v. State*, 179 Ga. App. 807 (3) (348 SE2d 132) (1986). In addition, as to

the pistol, "it appears without dispute'that the crime was committed with a pistol, and it would make no material difference whether or not the pistol found [when appellant was arrested] was the particular gun with which the crime was committed. The identification was sufficient to authorize the jury to decide, under the evidence relative to identification, whether or not it was the identical weapon used by the [robber]." *Jung v. State*, 237 Ga. 73 (1) (226 SE2d 599) (1976). The same holding could be used to justify the admission of the red athletic garb seized from appellant's car, but even if its admission were error, we find it harmless beyond a reasonable doubt; testimony elicited by the State established that the clothes seized from appellant's car were not those worn by one of the robbers.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 14, 1989 —
REHEARING DENIED MARCH 1, 1989.

*Joseph M. Todd*, for appellant.
*Robert E. Keller, District Attorney, Deborah C. Benefield, Assistant District Attorney*, for appellee.