A89A2200. LORD v. THE STATE.
(392 SE2d 17)

BEASLEY, Judge.

Defendant appeals his convictions for driving under the influence of alcohol, OCGA § 40-6-391 (a) (1), and operating a vehicle without proof of effective insurance or an approved plan of self-insurance, OCGA § 33-34-12.

1. Error is assigned on the failure to strike for cause two jurors, Mrs. Cheek and Mrs. Zier. Defendant contends that his challenge for favor should have been granted and that he was forced to expend peremptory strikes to prevent their serving on the jury. Both jurors admitted to having contributed to Mothers Against Drunk Drivers (MADD). Mrs. Cheek stated that a sister of a close friend had been killed by a drunk driver about ten years previously. She also volunteered that about seven years earlier a friend was injured by a law enforcement officer who was DUI. Neither juror had any knowledge or connection with this particular incident or the defendant.

Neither prospective juror displayed a fixed opinion that could not be changed by the evidence or by instructions of the court. Mrs.

Cheek answered "I think I can do that" in response to the court's question as to whether she could listen to the evidence and return a verdict based on the evidence and instructions of the court. Mrs. Zier responded that "I do not think that because I belong to MADD that will influence my decision." She had previously stated that she would do her best to be objective.

Control of the voir dire examination is vested in the discretion of the trial court and its rulings are presumed proper in the absence of some manifest abuse of discretion. *Godfrey v. Francis*, 251 Ga. 652, 662 (9) (308 SE2d 806) (1983); *Welch v. State*, 251 Ga. 197, 200 (5) (304 SE2d 391) (1983). "The fact that a potential juror may have some doubt as to his impartiality, or complete freedom from all bias, does not demand as a matter of law that the juror be excused for cause. . . . [Citations omitted.] We will not hold, as a matter of law, that a juror who has fear of, or some trepidation to, or some particular abhorrence to, a *specific crime*, is per se disqualified for cause as a juror in a trial of that type criminal case. We conclude most law-abiding citizens find violent crime abhorrent. The fear and doubt expressed here goes to the *particular offense*, not the *particular offender*." [Emphasis in original.] *Harris v. State*, 178 Ga. App. 735, 736 (1) (344 SE2d 528) (1986).

The jurors' possible bias against the offense of drunken driving did not demonstrate that they could not be fair and impartial toward defendant. *Lewis v. State*, 186 Ga. App. 349, 352 (3b) (367 SE2d 123) (1988); *Durham v. State*, 185 Ga. App. 163, 165 (2) (363 SE2d 607) (1987). See *United States v. Elliott*, 849 F2d 554 (11th Cir. 1988); *Jenkins v. State*, 146 Ga. App. 458 (1) (246 SE2d 466) (1978).

2. Defendant complains that the court failed to instruct the jury not to conduct an investigation of their own, which resulted in the foreman's happening to traverse the highway which was the scene of the crime and obtaining mental impressions from his experience before receiving all the evidence and deliberating. A new trial should have been granted when this came to light, he maintains. No request for such a charge was made when the jury dispersed for the night. Defendant attempted to show this extracurricular activity by the affidavit of the juror. This is not permitted. OCGA § 17-9-41; *Hall v. State*, 259 Ga. 412, 415 (3) (383 SE2d 128) (1989); *Hanson v. State*, 258 Ga. 564, 567 (3) (b) (372 SE2d 436) (1988); *Ellis v. State*, 176 Ga. App. 384, 385 (1) (336 SE2d 281) (1985). The instance described does not rise to a level of constitutional significance as it did in *Watkins v. State*, 237 Ga. 678, 683-685 (229 SE2d 465) (1976).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

Decided February 19, 1990 —
Rehearing denied March 7, 1990.

*Daniel L. Dean, Christina K. Cooley*, for appellant.
*Ralph Bowden, Jr.*, Solicitor, *Judith C. Emken, N. Jackson Cotney, Jr.*, Assistant Solicitors, for appellee.