## A97A2357. McGHEE v. THE STATE.
### (492 SE2d 904)

ELDRIDGE, Judge.

Jonathan McGhee was indicted, along with two co-defendants, for the offenses of armed robbery and kidnapping. After the two co-defendants entered pleas of guilty in this case, McGhee was tried by a jury, which returned a verdict of guilty on the charge of armed robbery and guilty on the lesser included offense of false imprisonment. It is from this conviction that McGhee appeals.

Viewed in a light most favorable to support the jury's verdict, the evidence shows that on August 18, 1996, the 16-year-old victim was washing a family member's car at the Rainbow Car Wash, which is located on Rainbow Drive near its intersection with Candler Road. The victim was approached by four young black males, who were later identified as McGhee, Joshua Ellison and his brother Herbert Ellison, and another suspect known only as "Reggie." McGhee, the Ellison brothers and "Reggie" had abandoned their car nearby in the Kroger parking lot because the car's clutch had failed. Initially, one of the defendants asked the victim if he had any "weed" to sell. When the victim answered in the negative, the defendants continued to stand in a group within ten feet of the victim's car for a couple of minutes making conversation with each other and the victim, who was bent down scrubbing the tires.

After a few minutes, Joshua Ellison came around to the passenger side of the car where the victim was bent over, pointed a gun at the victim so that the gun actually touched him, and ordered the victim to "get down." Joshua Ellison then ordered the victim to give him the keys to the car. After the victim complied, Joshua Ellison tossed the keys to 13-year-old McGhee and told him to drive.[1] Joshua Ellison then placed the victim into the back seat of the car at gunpoint.

McGhee drove the victim's car, "Reggie" was in the front passenger seat, and Banks was seated between the Ellison brothers in the back seat. Joshua Ellison kept the gun on the victim during the entire time he was in the car. At some point while they were riding

---

[1] McGhee had not been driving the car which was abandoned in the Kroger parking lot.

around, the victim, who was wearing a Polo shirt, jeans, polo socks, and Air Jordan tennis shoes, was ordered to take off his clothes and give them to McGhee. After forcing the victim to ride around for about 30 minutes, McGhee stopped the car. McGhee gave the victim his T-shirt and jogging pants and put on the victim's clothes. Joshua Ellison got out of the vehicle, released the victim, and told the victim to run through the woods. McGhee waited for Joshua Ellison to get back into the car and drove off.

McGhee drove the car over to his mother's house on Old National Highway to wish his sister a happy birthday. While McGhee went into his mother's house, the Ellison brothers and "Reggie" waited in the car. After McGhee returned to the car, they continued onward to Joshua Ellison's house. When they arrived there, McGhee gave the victim's clothes to Joshua Ellison.

McGhee's sole enumeration of error is that the evidence is insufficient to support his conviction on the charge of armed robbery. Specifically, McGhee argues that the State failed to meet the statutory burden of showing the elements of his intent to commit a theft and use of an offensive weapon. We disagree.

"A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon. . . ." OCGA § 16-8-41 (a). "Under OCGA § 16-2-20 (a) every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime. One is concerned in the commission of a crime where the person either directly commits, intentionally causes another to commit, intentionally aids or abets the commission of, or intentionally advises or otherwise encourages another to commit the crime." *Ellis v. State*, 211 Ga. App. 605, 607 (440 SE2d 235) (1994). "Presence at the scene of a crime, even when coupled with knowledge and approval, not amounting to encouragement, is not sufficient to show that [a] defendant is a party [to a crime]. However, criminal intent may be found by the jury upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted. . . . [P]resence, companionship and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." (Citations and punctuation omitted.) *Norris v. State*, 220 Ga. App. 87, 89 (469 SE2d 214) (1996).

In this case, McGhee went to the crime scene with Joshua Ellison, Herbert Ellison, and "Reggie." McGhee testified that he had a clear view of the gun when Joshua Ellison initially pulled the gun on the victim; that when he got into the car to drive, he knew that the victim was being placed in the car against his will at gunpoint and that the car was being stolen; that he got into the car voluntarily;

that he drove the car; that he received and put on the victim's clothes, which were taken at gunpoint; and that he was not frightened by what was happening. In addition, McGhee testified that Joshua Ellison had said prior to the actual armed robbery that Joshua was going to rob the victim because Joshua needed the car. In fact, McGhee testified that it was convenient for him that Joshua Ellison went ahead with the armed robbery because he needed a ride over to his mother's house on Old National Highway, and that there was no question, even in his mind, that a kidnapping and armed robbery had occurred.

Further, the victim testified that, when they first got into the car, McGhee stated that because his cousin had been robbed the previous week "he [McGhee] [was] fixing to go around robbing everybody and he [McGhee] was going to take me [the victim] over there and let them deal with me." The victim went on to testify that McGhee, the Ellison brothers, and "Reggie" did not seem upset or frightened; that they were smoking marijuana in the car and playing the radio loudly; that McGhee told Joshua Ellison to hit the victim with the gun; and that McGhee was the one who told him to take off his clothes.

The evidence, construed in a light most favorable to the verdict, was sufficient to permit the jury to find that McGhee either directly committed or was a party to the crime of armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Tanksley v. State*, 226 Ga. App. 505 (487 SE2d 98) (1997).

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 22, 1997.

*Carla J. Friend*, for appellant.

*J. Tom Morgan*, District Attorney, *Jeffrey H. Brickman, Robert M. Coker*, Assistant District Attorneys, for appellee.