### A00A0836. DAVIS v. THE STATE.
### A00A0837. ROGERS v. THE STATE.
(535 SE2d 10)

BLACKBURN, Presiding Judge.

Co-defendants Marvin Davis and Billy Mack Rogers appeal their convictions for one count and two counts of the sale of cocaine, respectively. Because their appeals arise from the same trial, they have been consolidated in this opinion. For the reasons set forth below, we affirm the convictions.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Davis and Rogers] no longer [enjoy] a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The . . . verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Kovacs v. State*, 227 Ga. App. 870 (1) (490 SE2d 539) (1997). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewing the facts in this light, the record shows that, on February 25, 1998, Officer Rodriguez Rice, acting undercover, purchased

crack cocaine from Reginald Heard[1] and Rogers. That evening, Heard and Rogers arrived at a location in front of an apartment complex, and a confidential informant approached them about purchasing crack cocaine. The confidential informant then called Rice over to Heard's car, and Rice told Heard that he wished to purchase $200 worth of crack cocaine. Rogers then stated to Heard: "[Y]ou can make the deal but I'm going to be outside with this but it's on you to do whatever you want to do." Heard, Rogers, and Rice then entered Heard's car, and Heard provided Rice with a number of small baggies of cocaine in return for cash. Rice had no direct conversation with Rogers. Rogers never held the contraband or accepted the money for its purchase.

On April 8, 1998, Rice and a fellow officer traveled to Rogers' house to make a second purchase of cocaine which had been orchestrated by the same confidential informant. Rice met Davis on the porch of Rogers' house, and Davis escorted Rice and the confidential informant inside. Rogers was sitting on his bed in his bedroom when Rice asked for $500 worth of crack cocaine. Rogers immediately became irate and accused Rice of being a police officer. According to Rice, Rogers stated: "[Y]ou must be the police, and, no, we're not doing this; I ain't selling you no [crack]." Rice then started to leave, but, shortly thereafter, Davis called him back into the house. Then, Davis put the cocaine on a table and took the cash from Rice. Rogers then told Rice that, the next time he returned to make a purchase, it would be fine and he would not have a problem.

## Case No. A00A0836

On appeal, Davis contends that: (1) the evidence was insufficient to support the verdict against him; (2) the trial court erred by introducing a "mug shot" of him into evidence; and (3) he should have been allowed to strike a biased juror for cause.

1. Viewed in the light most favorable to the verdict, the facts of record, as set out above, were sufficient to support Davis' conviction. *Jackson*, supra.

2. At trial, Davis objected to the introduction of a photograph which Rice used to identify him. Specifically, Davis argued that the photograph was a "mug shot" suggesting that Davis had a prior criminal history. The record, however, reveals that this enumeration is patently erroneous. The photograph, in fact, made no reference to and provided no information as to its origins. Therefore, the trial

---

[1] Heard was also tried with Davis and Rogers, but he is not a party to either of the appeals now before this Court.

court properly overruled Davis' specious objection to the admission of the photograph into evidence.

3. Davis contends that the trial court erred by not disqualifying a juror whose uncle was a drug dealer, arguing that the juror was biased against him. However,

> [b]efore a juror can be disqualified for cause, it must be shown that an opinion held by the potential juror is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence.

(Punctuation omitted.) *Whatley v. State*, 270 Ga. 296, 298 (2) (509 SE2d 45) (1998). In this case, the juror in question indicated that, despite his feelings toward his uncle, he could set his experiences aside and fairly decide the case based upon the evidence before him. "Therefore, the trial court did not abuse its discretion by refusing to strike this juror for cause." Id.

### Case No. A00A0837

4. In his sole enumeration of error, Rogers contends that the evidence was insufficient to support either the conviction against him for participating in the drug sale on February 25, 1998, or the conviction relating to the sale on April 8, 1998. Both of Rogers' convictions depend upon his participation in the sales as a party to a crime.

> Under OCGA § 16-2-20 (a) every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime. One is concerned in the commission of a crime where the person either directly commits, intentionally causes another to commit, intentionally aids or abets the commission of, or intentionally advises or otherwise encourages another to commit the crime. Presence at the scene of a crime, even when coupled with knowledge and approval, not amounting to encouragement, is not sufficient to show that a defendant is a party to a crime. However, criminal intent may be found by the jury upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted. Presence, companionship and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.

(Citation and punctuation omitted.) *McGhee v. State*, 229 Ga. App.

10, 11 (492 SE2d 904) (1997). Furthermore, "presence at the scene of the crime is not sufficient to show that a defendant is a party to the crime under OCGA § 16-2-20. Even approval of the act, not amounting to encouragement, will not suffice." (Citations and punctuation omitted.) *Bullard v. State*, 263 Ga. 682, 685 (1) (436 SE2d 647) (1993).

With regard to the sale of cocaine which occurred on April 8, 1998, it is clear that Rogers was an active participant in the sale, despite the fact that he never handled the drugs or the money. When Officer Rice first requested to buy drugs, Rogers, acting as if he were in charge of the sale, accused Rice of being a police officer and responded: "[Y]ou must be the police, and, no, we're not doing this; I ain't selling you no [crack]." Then, after the sale took place, Rogers told Rice that, the next time he returned to make a purchase, it would be fine and he would not have a problem. From this evidence, the jury could reasonably infer that Rogers not only participated in the sale but, in fact, controlled the transaction. Rogers' conviction for the sale of cocaine on April 8, 1998, was supported by the evidence.

The conviction for the earlier sale of cocaine on February 25, 1998, was also supported by the evidence. While the evidence surrounding this sale showed that Rogers never handled the money or contraband or made incriminating remarks, the jury could consider the transaction on April 8, 1998, to determine Rogers' intent to be an active participant in the earlier sale, not merely a bystander. *Reviere v. State*, 231 Ga. App. 329, 334 (6) (498 SE2d 332) (1998). As such, there was sufficient evidence to support the jury's determination that Rogers was a participant in the sale of crack cocaine on February 25, 1998.

*Judgments affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED MAY 16, 2000.

*Gregory S. Dickson,* for appellant (case no. A00A0836).
*Ann C. Stahl,* for appellant (case no. A00A0837).
*T. Joseph Campbell, District Attorney, Lance T. McCoy, Assistant District Attorney,* for appellee.