### A04A0702. HOUSTON v. THE STATE.
(599 SE2d 325)

MIKELL, Judge.

Michael Houston was convicted of armed robbery and sentenced to 11 years in confinement. He appeals from the denial of his motion for new trial. Finding no error, we affirm.

1. Houston argues that the evidence is insufficient to support his conviction. Houston specifically argues that his conviction must be

---

reversed because there is no evidence that he pointed a weapon at the victim or threatened her with a weapon. He also contends that the state failed to prove the date of the offense.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Houston] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citation omitted.) *Thomas v. State*, 256 Ga. App. 712 (569 SE2d 620) (2002); see *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Viewed in this light, the evidence shows that on September 15, 2001, Houston entered the Dry Clean USA in Savannah, approached the cash register, and demanded money from the clerk, LaTasha Palmer. Houston then came behind the counter, showed Palmer a red-handled screwdriver, which she thought was an ice pick, and again demanded money. Houston took approximately $146 and left in his car. As Houston was leaving the parking lot, another customer, Arthur Small, was pulling in and he was almost hit by Houston's car. When Small reached the door of the store, Palmer told him she was locking the door and calling the police because she had just been robbed. Small attempted to follow Houston. Along the way, he encountered a police officer and gave him a description of Houston's car. Meanwhile, Palmer called police, giving a description of the perpetrator and his car and stating that it had a paper license tag. At trial, Palmer testified that Houston was wearing a multicolored striped shirt at the time of the robbery.

Houston was apprehended within minutes of the robbery. He had $141 on his person and was wearing a multicolored striped shirt. Officers also recovered a screwdriver and paper tag from Houston's car. Officers immediately took Houston back to the store, where Palmer positively identified him. At trial, Palmer again identified Houston as the man who robbed her. During an interview with Detective Marcus Graves, Houston said he was having problems paying his bills and did the robbery "not to steal, I just need to pay my bills." Houston admitted holding a screwdriver at his side during the robbery and covering his license plate with a paper tag. Detective Graves testified that Palmer told him at the scene that Houston pulled the screwdriver out of his pocket and held it at his side during the robbery.

(a) Houston's contention that his conviction must be reversed because there is no evidence that he pointed a weapon at Palmer or

threatened her with a weapon is meritless. Under OCGA § 16-8-41 (a), "[a] person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." Pursuant to this statute,

> the presence of a weapon is necessary to a conviction for armed robbery. But the presence of such a weapon may be established by circumstantial evidence, and a conviction for armed robbery may be sustained even though the weapon itself was neither seen nor accurately described by the victim. Some physical manifestation of a weapon is required, however, *or some evidence from which the presence of a weapon may be inferred.* Furthermore, the question is whether the defendant's acts created a reasonable apprehension on the part of the victim that an offensive weapon was being used, regardless of whether the victim actually saw the weapon.

(Emphasis in original.) *Durham v. State*, 259 Ga. App. 829, 831 (578 SE2d 514) (2003).

In this case, Palmer first testified that Houston came up to the counter and showed her a screwdriver. When the prosecutor later asked Palmer if she recognized the screwdriver, Palmer testified that she "didn't see it. [Houston] just threw it in his pocket, like I guess inside his pants, and I seen [sic] the tip of it." Palmer also testified that she would have given Houston the money even if he did not show her the screwdriver, and that after she gave him the money, Houston said, "give me all of it, he wasn't playing." On cross-examination, Palmer testified that "[Houston] didn't point [the screwdriver] at me, but I seen [sic] it. He showed it to me." When defense counsel asked Palmer if Houston "[ever] pulled the screwdriver all the way out and put it to you [or] threatened to kill you or do anything," Palmer responded, "No sir." Palmer confirmed that Houston said, "Give me the money," and showed her the tip of the screwdriver. On redirect, Palmer testified that she told the police that Houston had a red-handled ice pick. Finally, Palmer testified that she was afraid that Houston would have used the screwdriver on her if she declined to give him the money.

Whether Houston pointed the screwdriver at Palmer is immaterial. The evidence authorized a finding that he used the screwdriver to persuade Palmer to comply with his demand and that the robbery

was accomplished while Palmer was under a reasonable apprehension that Houston was using an offensive weapon. Accordingly, the evidence was sufficient to support Houston's conviction for armed robbery.

(b) We also find no merit in Houston's argument that the state failed to prove the date of the offense. "The general rule is that when the exact date of the commission of the crime is not a material allegation of the indictment, the commission of the offense may be proved to have occurred at any time within the statute of limitations." (Citations and punctuation omitted.) *Pickstock v. State*, 235 Ga. App. 451 (1) (509 SE2d 717) (1998). See also *Jones v. State*, 259 Ga. App. 698, 702 (2) (577 SE2d 878) (2003) ("[i]n proving the time of the commission of an offense the [s]tate is not, as a general rule, restricted to proof of the date alleged in the indictment, but is permitted to prove its commission on any date within the statute of limitations") (citation omitted). Here, Houston was accused of committing armed robbery on or about September 15, 2001. Houston was tried on August 5, 2002. At trial, Palmer testified that the robbery occurred "last [f]all." The evidence supported a finding that the crime was committed during the fall of 2001, and well within the seven-year statute of limitation for armed robbery. See OCGA §§ 16-8-41 (b); 17-3-1 (b).

2. Houston contends that the trial court erred in refusing to charge robbery by intimidation as a lesser included offense of armed robbery. He argues that Palmer's contradictory testimony concerning whether a weapon was used, as well as Houston's own statements to the police that he "didn't have a weapon" and "didn't use [the screwdriver] in an offensive way" or threaten Palmer with it, were sufficient to justify a robbery by intimidation charge under *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994) ("[w]here a case contains some evidence, no matter how slight, that shows that the defendant committed a lesser offense, then the court should charge the jury on that offense").

"Where the uncontradicted evidence shows completion of the offense of armed robbery, and no evidence is presented to the effect that a weapon was not used in the robbery, the defendant is not entitled to a jury charge on the lesser included offense of robbery by intimidation." (Punctuation and footnote omitted.) *Brinson v. State*, 245 Ga. App. 411, 413 (2) (537 SE2d 795) (2000). In this case, Palmer testified that Houston displayed a screwdriver during the robbery, and Houston admitted to the police that he carried a screwdriver during the robbery. Thus, the evidence shows the completed offense of armed robbery.

Houston's reliance on *Edwards* is misplaced. In that case, the defendant, who was charged and convicted of armed robbery, argued that the trial court should have charged the lesser included offense of

theft by taking. In a custodial statement, the defendant admitted that he broke into a residence, but he claimed that he discovered the guns in the residence after he broke in. Id. at 131-132. The Supreme Court held that the trial court should have charged the lesser offense, but that the error was harmless. Id. at 133. Here, although Houston told Detective Graves that he did not threaten Palmer with the screwdriver, he admittedly "pulled it out and showed it to her." In light of our holding in Division 1 (a) and Houston's admission that he showed Palmer a screwdriver, a robbery by intimidation charge was not warranted.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MAY 12, 2004.

*Richard M. Darden*, for appellant.
*Spencer Lawton, Jr., District Attorney*, for appellee.