## A04A0772. TERRELL v. THE STATE.

(601 SE2d 500)

BARNES, Judge.

Christopher Terrell a/k/a Crispus Terrell was indicted for felony murder, armed robbery, and aggravated assault. On September 28, 1995, following a jury trial, he was found guilty of armed robbery and sentenced to 15 years, with 12 to serve. On July 29, 1997, Terrell was granted an out-of-time appeal, but no appeal was filed.[1] On July 22, 2003, he was granted a consent order to file an out-of-time appeal, and this appeal followed. Terrell enumerates as error the trial court's failure to excuse a juror for misconduct, and the denial of his motions to sever and for directed verdict. He also maintains that the evidence was insufficient, and that trial counsel was ineffective. Following review, and for the reasons that follow, we affirm.

1. On appeal from a criminal conviction, the defendant no longer enjoys a presumption of innocence, and the appellate court views the evidence in the light most favorable to the verdict. *Pettus v. State*, 237 Ga. App. 143 (1) (514 SE2d 901) (1999). We do not weigh the evidence or determine witness credibility. *Morgan v. State*, 255 Ga. App. 58 (1) (564 SE2d 467) (2002). As long as there is some competent evidence, even though contradicted, to support each fact necessary for the State's case, the jury's verdict will be upheld. Id.; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence shows that on March 22, 1994, at about 11:00 p.m. five men entered a Chevron service station, robbed the store, and shot and killed the employee working there. A customer witnessed the crime, but escaped when the gun jammed and he was able to run and hide in some nearby woods. The men stole approximately $500 in cash, and three dispenser boxes of lottery tickets. The customer could not identify any of the men.

Three days after the robbery, Terrell was questioned in connection with the crime, and he gave a statement to the Georgia Bureau of Investigation (GBI) in which he admitted that on the night of the robbery, he gave a gun to the man identified as the shooter. He also said that he knew that they were planning to rob a store on the interstate. Terrell identified the gun he gave the shooter as a black .45 caliber pistol with two bullets in the clip. A firearms expert testified that the black .45 caliber pistol recovered from near the residence of a co-defendant's sister was "possibly" the weapon that had fired the bullet removed from the victim. A second bullet was chambered in the

---

[1] The record reflects that following the grant of the first out-of-time appeal, Terrell applied for appointment of counsel for his appeal, but counsel was not appointed.

gun backwards. One of the co-defendants also identified Terrell as the person who gave the gun to the shooter.

2. In two enumerations of error, Terrell complains that the trial court erred in denying his motion for a directed verdict and his conviction was based on insufficient evidence because there was no evidence of his "involvement in the robbery of the Chevron station, in the murder of [the employee], or in the aggravated assault of [the customer]." He argues that, while the evidence may show that he supplied the men with the gun, it does not prove that he knew why the men wanted the gun.

> The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the rule of *Jackson v. Virginia,* [supra,] 443 U. S. 307, the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. Moreover, the test established in *Jackson* is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence.

(Citations and punctuation omitted.) *Lester v. State,* 226 Ga. App. 373, 376 (2) (487 SE2d 25) (1997). A participant to a crime may be convicted although he is not the person who is directly responsible. *Burks v. State,* 268 Ga. 504, 505 (491 SE2d 368) (1997). Under OCGA § 16-2-20, a person who intentionally aids or abets the commission of the crime, or intentionally advises, encourages, hires, counsels, or procures another to commit the crime may be convicted of the crime as a party to the crime. Id. at (b) (3), (4).

> [C]riminal intent may be found by the jury upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted. Presence, companionship and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.

(Citation and punctuation omitted.) *McGhee v. State,* 229 Ga. App. 10, 11 (492 SE2d 904) (1997).

In this case, one of the co-defendants testified that Terrell gave the shooter the gun. Terrell's involvement was further corroborated by his statement to a GBI agent in which he admitted to giving the shooter the gun, and also that he knew the men were intending to use the gun to rob a place on the interstate.

"The sufficiency of the corroborating evidence is a matter for the jury, and if the verdict is based upon the slightest evidence of corroboration connecting an accused to a crime, even if it is circumstantial, it is legally sufficient." (Footnote omitted.) *Edmond v. State,* 267 Ga. 285, 287 (2) (476 SE2d 731) (1996). The corroboration "need not be sufficient to warrant a guilty verdict or prove every material element of the crime; it need only tend to connect and identify the defendant with the crime charged." (Citation and punctuation omitted.) *Raines v. State,* 186 Ga. App. 239, 240-241 (2) (366 SE2d 841) (1988).

We find that the evidence was sufficient for a rational trier of fact to find that Terrell aided in the robbery by intentionally supplying the shooter with the gun used in the crime, and thus was a party to the crime of armed robbery. See *Jackson,* supra.

3. Terrell also complains that he did not receive a fair trial because of a juror's misconduct. He complains that the trial court did not properly investigate a conversation between the juror and a witness.

The evidence demonstrates that during one of the recesses, one of the jurors was observed talking with a State's witness. The bailiff separated the men and told them they should not be talking. When the trial court was told about the situation it questioned the juror about the encounter.

> Trial court: Mr. [Juror], I'd like to see you. One of the jurors or somebody during the break saw you talking to a witness, Mark Smith. Did y'all discuss this case in any kind of way?
>
> Juror: No, sir, he just asked what time we was going to come back in.
>
> Trial court: Okay. That was unrelated to his testimony in this case. Did you form any opinion based on your conversation with him?
>
> Juror: No, sir.

The trial court determined that the juror would not be excused, and Terrell excepted to the ruling.

Whether such juror misconduct is shown is a question of fact for the trial judge, whose findings we will not disturb "unless clearly erroneous or wholly unsupported by the evidence." (Citations omitted.) *Adkins v. State,* 164 Ga. App. 273, 275 (3) (297 SE2d 47) (1982); *Hand v. State,* 205 Ga. App. 467, 468 (1) (422 SE2d 316) (1992). We conclude that Terrell has failed to demonstrate juror misconduct sufficient to upset the verdict.

When an irregularity occurs in the conduct of the jury, "[t]here is a presumption of prejudice to the defendant[,] . . . and the burden is on the prosecution to prove beyond a reasonable doubt that no harm has occurred." (Citation omitted.) *Huff v. State*, 239 Ga. App. 83, 87 (3) (519 SE2d 263) (1999). We will not set aside a jury verdict based on such an irregularity, however, unless "the conduct was so prejudicial that the verdict is inherently lacking in due process." (Citations and punctuation omitted.) *Turtle v. State*, 271 Ga. 440, 445 (5) (520 SE2d 211) (1999). Moreover, "[w]here the substance of the communication is established without contradiction, the facts themselves may establish the lack of prejudice or harm to the defendant." (Citation omitted.) *Huff*, supra, 239 Ga. App. at 87 (3).

Here, the alleged statements did not involve deliberation or any discussion of the merits of the case; further, the juror indicated that he had formed no opinion about Terrell's guilt or innocence. Under these circumstances, we find that the juror misconduct was not so prejudicial as to have contributed to the conviction, and find no error in the trial court's failure to excuse the juror. *Sims v. State*, 266 Ga. 417, 420 (3) (467 SE2d 574) (1996).

4. Terrell was tried with co-defendant Robert Smith, the driver of the get-away car. He maintains that the trial court erred in not allowing his motion for severance. However, as Terrell points out in his appellate brief, the motion was never ruled on. Accordingly, any purported error was waived because Terrell failed to obtain a ruling on this issue before the verdict, *Harper v. State*, 241 Ga. App. 865, 867 (2) (528 SE2d 317) (2000), and, thus this enumeration presents nothing for review.

5. Terrell is procedurally barred from bringing a claim of ineffectiveness of counsel. In this case, new counsel appeared in time to file a timely notice of appeal, but did so without first filing a motion for new trial or otherwise demanding an evidentiary hearing on any claim of ineffective assistance of trial counsel. By proceeding directly with this appeal without pursuing an evidentiary hearing on trial counsel's alleged ineffectiveness, this claim of ineffective assistance has been procedurally defaulted and presents nothing for review on appeal. *Gantt v. State*, 229 Ga. App. 207, 209 (3) (493 SE2d 608) (1997).

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED JUNE 28, 2004.

*James R. Argo, Jr.*, for appellant.

*Fredric D. Bright, District Attorney, Wilson B. Mitcham, Jr., Assistant District Attorney*, for appellee.