## A04A1394. VANCE v. THE STATE.
### (602 SE2d 276)

BLACKBURN, Presiding Judge.

Robert Dudley Vance appeals his convictions for trafficking in cocaine, possession of marijuana with intent to distribute, and selling cocaine. He challenges the sufficiency of the evidence as to the trafficking and marijuana counts, arguing that possession, intent, and venue were not proven. Holding that the evidence sustained the verdicts on these two challenged counts in all respects, we affirm.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*.[1] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*.[2]

Viewed in this light, the evidence shows that an undercover officer went to Vance's apartment in Gwinnett County and there purchased cocaine from Vance. The officer paid Vance $180 for two baggies of cocaine that Vance pulled from a blue bag in the apartment. Based on this sale, police some weeks later obtained a search warrant for the apartment. When executing the warrant, police found nearly 500 grams of cocaine secreted throughout the apartment in bags, in canisters, in a bowl, and in a blue bag that itself contained 111 grams of cocaine. They also found several bags of marijuana that were packaged for resale. No evidence indicated that anyone other than

---

[4] Id.

[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Vance lived in the one-bedroom apartment. Vance, who was not home at the time the search warrant was executed, later admitted at trial that on the date of the alleged cocaine sale and on the date the search warrant was executed, he lived in Gwinnett County in the apartment at issue and that he was the only person paying rent on the apartment. Based on this evidence, a jury found Vance guilty of trafficking in cocaine,[3] possession of marijuana with intent to distribute,[4] and selling cocaine.[5]

Vance argues the court should have granted his motion for directed verdict on the trafficking and marijuana possession charges, contending that no evidence showed he possessed the drugs found in his apartment. But evidence showed that Vance was the sole lessee and resident of the apartment in which the drugs were found, which raised a rebuttable presumption that he possessed the drugs. *Wilson v. State.*[6] See *Whitfield v. State*[7] (lessee is presumed to be in possession of the entire premises and all property, including contraband, found on the premises). Vance's testimony that two other individuals had keys to his apartment during this time and thus had "equal access" to the drugs did not demand an acquittal but simply authorized the jury to find that Vance was in at least joint possession of the contraband. *Wilson,* supra at 527 (1). Combined with the evidence that Vance had recently sold cocaine out of the apartment and that such came from a blue bag which was seized during the search of the apartment and contained 111 grams of cocaine, this evidence more than sufficed to sustain a finding that Vance constructively possessed the drugs found in his apartment. See *Whitfield,* supra at 405 (3).

Vance also challenges his marijuana possession with intent to distribute conviction on the ground that no evidence showed he intended to distribute same. But evidence showed that the marijuana was packaged for resale in small baggies. "This manner of packaging being commonly associated with the sale or distribution of such contraband would authorize any rational trier of fact to infer that [Vance] possessed [marijuana] with intent to distribute." (Punctuation omitted.) *Lester v. State*[8] (drugs were divided into four small ziplock baggies). "Consequently, the trial court did not err in denying defendant's motion for directed verdict of acquittal." *Whitfield,* supra at 405 (3).

---

[3] OCGA § 16-13-31 (a) (1) (C).

[4] OCGA § 16-13-30 (j) (1).

[5] OCGA § 16-13-30 (b).

[6] *Wilson v. State,* 231 Ga. App. 525, 526-527 (1) (499 SE2d 911) (1998).

[7] *Whitfield v. State,* 217 Ga. App. 402, 405 (3) (457 SE2d 682) (1995).

[8] *Lester v. State,* 226 Ga. App. 373, 378 (3) (487 SE2d 25) (1997).

2. Vance claims that the State failed to prove venue in Gwinnett County as to the trafficking and marijuana possession convictions. The record belies this assertion. Both the undercover officer and Vance himself testified that the apartment in which the drugs were found was in Gwinnett County. Cf. *Reynolds v. State*[9] (when reviewing the denial of a directed verdict motion, appellate court may consider all evidence in the case, including that admitted after the motion was denied). This evidence sufficed to prove venue. See *Rogers v. State*.[10]

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED JULY 15, 2004.

*Robert Greenwald*, for appellant.
*Daniel J. Porter, District Attorney, John A. Steakley, Assistant District Attorney*, for appellee.

---

[9] *Reynolds v. State*, 265 Ga. App. 776 (595 SE2d 606) (2004).
[10] *Rogers v. State*, 247 Ga. App. 219, 221 (2) (543 SE2d 81) (2000).
[1] OCGA § 16-6-4 (a).
[2] OCGA § 16-6-4 (c).
[3] *Anderson v. State*, 265 Ga. App. 428 (1) (594 SE2d 669) (2004).