## A05A2284. RUIZ v. THE STATE.
### (626 SE2d 136)

PHIPPS, Judge.

After a jury trial, Adolfo Ruiz was convicted of trafficking in cocaine by "knowingly possess[ing] at least 400 grams of a mixture with a purity of more than 10% cocaine" in Clayton County. On appeal, he contends that the state failed to establish possession and venue. Because the record shows possession and venue in Clayton County, we affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. [Cit.] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. [Cit.][1]

Viewed in the light most favorable to the verdict, the evidence showed that at about 9:30 p.m. on July 29, 2004, a narcotics agent employed by the Clayton County Police Department asked a confidential informant "to arrange deals [in] which [the informant] would have some . . . sources of supply bring us a large amount of narcotics to Clayton County so we could effect the arrest of those subjects." About thirty minutes later, the informant placed a telephone call to Ruiz, stating, "I need five." The informant clarified at trial that he had been referring to "kilos" of cocaine. The narcotics agent, his partner, and the informant traveled to a certain parking lot where they, with assisting law enforcement officers from the Clayton County Narcotics Unit, set up surveillance for a vehicle that Ruiz was expected to be driving. The agent testified that a car matching the description of the vehicle for which they were waiting soon pulled into a nearby parking lot. The prosecutor asked the agent, "And the vehicle came to rest in what county, sir?" The agent answered, "Clayton County." Upon the takedown signal given by the assisting agents' supervisor, the assisting agents arrested the driver, Ruiz, and seized the vehicle. One agent searched the vehicle and pulled from a hidden compartment five bags of suspected cocaine. The substance in one of the bags was later confirmed by a forensic chemist to weigh at least 999.15 grams and have a cocaine purity of 73.3 percent.

---

[1] *Vance v. State*, 268 Ga. App. 556 (1) (602 SE2d 276) (2004); see also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

1. Ruiz contends that the evidence was insufficient to prove the element of possession. A person who knowingly has direct physical control over a thing at a given time is in actual possession of it.[2] The evidence showed that Ruiz was asked to provide five kilograms of cocaine to the informant and that shortly thereafter he arrived at a designated location with cocaine packaged in five bags, one of which weighed approximately a kilogram. Furthermore, there was no evidence that passengers were in the vehicle when Ruiz arrived. We find no merit in his contention that the evidence was insufficient to prove possession.

2. Ruiz contends that the evidence was insufficient to prove venue.

> [V]enue in all criminal cases must be laid in the county in which the crime was allegedly committed. Venue is a jurisdictional fact, and is an essential element in proving that one is guilty of the crime charged. Like every other material allegation in the indictment, venue must be proved by the prosecution beyond a reasonable doubt.[3]

The state may establish venue by whatever means of proof are available to it, and it may use both direct and circumstantial evidence.[4]

Here, the evidence authorized findings that Clayton County law enforcement officers solicited the help of an informant to effect the arrest of a supplier of contraband in Clayton County; that the informant thus arranged for Ruiz to provide five kilograms of cocaine to him; that Ruiz thereafter transported the drug, packaged in five bags, to a designated location in Clayton County; and that Clayton County law enforcement officers then arrested Ruiz, seized and searched the vehicle in which he arrived, and found cocaine stashed inside. The evidence was sufficient to authorize the jury to find beyond a reasonable doubt that Ruiz committed the crime of trafficking in cocaine in Clayton County,[5] the county in which he was tried.

---

[2] *Warren v. State*, 254 Ga. App. 52, 54 (1) (561 SE2d 190) (2002).

[3] *Jones v. State*, 272 Ga. 900, 901 (2) (537 SE2d 80) (2000) (punctuation and footnotes omitted).

[4] Id. at 902-903.

[5] See id. at 901-903; *Ward v. State*, 270 Ga. App. 427 (606 SE2d 877) (2004); *Harris v. State*, 257 Ga. App. 42, 43-44 (1) (570 SE2d 353) (2002) (testimony of sheriff's department investigator was sufficient to establish venue); see also *Chapman v. State*, 275 Ga. 314, 317-318 (4) (565 SE2d 442) (2002) (jury was authorized to find that crimes were committed in a particular county based on principle that public officials are believed to have performed their duties properly and within their scope of authority unless clearly proven otherwise and based on evidence that public officials involved in the case were employed by that county).

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED JANUARY 9, 2006.

*Cerille B. Nassau*, for appellant.
*Jewel C. Scott, District Attorney, Billy J. Dixon, Assistant District Attorney*, for appellee.