A06A2425. ESPINOSA v. THE STATE.
(645 SE2d 529)

PHIPPS, Judge.

A jury found Omar Espinosa and his co-defendant Eric Anderson guilty of armed robbery of the clerk of a convenience store. On appeal, Espinosa contends that the evidence was insufficient, that he was not afforded effective assistance of counsel, and that he was denied due process. Because he has demonstrated no merit in these contentions, we affirm.

1. Espinosa challenges the sufficiency of the evidence.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[1]

So viewed, the evidence introduced at trial showed the following. At about 1:50 a.m. on September 19, 2004, a man walked into a convenience store and ordered the clerk at gunpoint to open the cash register and give him all the money. When she did, the man grabbed the $1 and $5 bills from her and then ran out of the store. She reported the incident to the police.

Police Officer Jason Garrett was patrolling the area about the time of the robbery and noticed a burgundy Pontiac Grand Prix in the curbside lane adjacent to the convenience store because the car was traveling at a slow speed. But when he approached the vehicle, it suddenly turned into the passing lane and sped away. When Garrett heard the dispatch about the armed robbery a short time later, he recalled this odd driving maneuver that had occurred directly in front of the convenience store around the time of the incident and posted a lookout for the car as possibly having been involved with the crime.

Another patrol officer immediately spotted a car matching that description and saw two occupants in it. He activated his patrol car's blue lights and public address system and commanded the driver to stop the vehicle. The car sped away, resulting in a high speed chase involving numerous patrol cars. The fleeing car crashed, and the occupants fled on foot, abandoning several $5 bills inside the car.

Moments later, officers spotted Espinosa running through a residential backyard near the crash area and arrested him. Anderson was soon arrested at Espinosa's mother's home. The two men were transported back to the convenience store, where the clerk identified Anderson as the man who entered the convenience store, pointed a gun at her, and took money. She could not identify Espinosa.

Espinosa and Anderson were taken to the police station, where they gave statements. Anderson denied any involvement in the armed robbery. He said that two men had carjacked him; that one of

---

[1] *Ruiz v. State*, 277 Ga. App. 178 (626 SE2d 136) (2006) (citations and footnote omitted); see also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

the carjackers robbed the clerk at the convenience store; and that the carjackers had then forced him to attempt to elude the police.

Espinosa's account of the night, however, included no carjackers. Crying, he volunteered to Police Officer James Bowden, an officer standing near him merely to guard him, that he needed to get something off his chest. Bowden testified that Espinosa admitted that he had been the driver of the car chased by the officers; that he had tried to outrun them because he was scared; that for weeks, he had been talking about making a "quick buck"; and that he had been planning for a couple of weeks to rob a store. Bowden testified that Espinosa was thereafter *Mirandized* and that he denied any involvement in the armed robbery, stating that he had been coerced into it. He also expressed sorrow for having caused people trouble.

Espinosa argues that the state failed to establish that he had the requisite intent. He claims that there was no evidence that he knew that Anderson would rob that convenience store clerk that night. He asserts that the state's case failed to exclude the possibility that his evading attempt was not in furtherance of the armed robbery, but in reaction to Anderson's coercing him to flee and in reaction to his fear stemming from what Anderson had done independently of him.

> To support a verdict, circumstantial evidence need exclude only reasonable hypotheses, not exclude every inference or hypothesis except that of the defendant's guilt. Whether circumstances were sufficient in this case to exclude every reasonable hypothesis except that of defendant's guilt was a question for the jury. It is only when the evidence is insupportable as a matter of law that the jury's verdict may be disturbed, even where the evidence is entirely circumstantial.[2]

> Criminal intent may be found by the jury upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted. Presence, companionship and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.[3]

We reject Espinosa's claim that the state failed to exclude every reasonable hypothesis except his guilt.[4] The evidence authorized the

---

[2] *Brown v. State*, 267 Ga. App. 642, 645 (1) (600 SE2d 731) (2004) (footnote omitted).

[3] *Terrell v. State*, 268 Ga. App. 173, 174 (2) (601 SE2d 500) (2004) (punctuation omitted).

[4] See OCGA § 24-4-6.

jury to find that before the armed robbery, Espinosa had planned to take money from a store; that accordingly, Anderson went into the convenience store, took money from the clerk at gunpoint, and then joined Espinosa with the money; that when the cohorts realized moments later that the police suspected them of the armed robbery, Espinosa disobeyed police commands to stop, acted as the getaway driver in a high speed chase, and then tried to flee the police on foot; and that later that night, Espinosa was sorry for the trouble he had caused. From Espinosa's words, demeanor, companionship, and conduct before and after the armed robbery, a jury could have concluded beyond a reasonable doubt that the state established the requisite intent.[5]

2. Espinosa contends that the trial court erred in rejecting his claim of ineffective assistance of counsel.

To prevail on such claim, a defendant must establish, pursuant to *Strickland v. Washington*,[6] that counsel's performance was deficient and that the deficient performance was prejudicial to his defense.[7] A court addressing the ineffective assistance issue is not required to approach the inquiry in that order or even to address both components if the defendant has made an insufficient showing on one.[8] Both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact.[9] Moreover,

> the defendant must overcome the strong presumption that his attorney's performance fell within a wide range of reasonable professional conduct and that the attorney's decisions were made in the exercise of reasonable professional judgment. The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case.[10]

In reviewing a trial court's determination regarding a claim of ineffective assistance of counsel, this court upholds the trial court's factual findings unless they are clearly erroneous; we review a trial court's legal conclusions de novo.[11]

(a) Espinosa argues that his trial counsel rendered ineffective assistance by failing to make certain objections on the ground that

---

[5] See *Lee v. State*, 281 Ga. App. 479, 479-482 (1) (636 SE2d 547) (2006); *Jordan v. State*, 281 Ga. App. 419, 423 (1) (636 SE2d 151) (2006).

[6] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[7] See *Conaway v. State*, 277 Ga. 422, 424 (2) (589 SE2d 108) (2003).

[8] *Lajara v. State*, 263 Ga. 438, 440 (3) (435 SE2d 600) (1993).

[9] Id.

[10] *Berry v. State*, 267 Ga. 476, 479 (4) (480 SE2d 32) (1997) (citations omitted).

[11] *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000).

the state was depriving him of due process by misstating facts through its witnesses and prosecutor. Failure to make a meritless objection, however, cannot be evidence of ineffective assistance of counsel.[12]

(i) First, Espinosa complains that at a *Jackson-Denno* hearing, Bowden testified that Espinosa stated at the police station that for some weeks before the armed robbery, he and Anderson had been "planning" on robbing a business and that when they drove in front of the convenience store that night, they decided to rob that business. Espinosa contrasts this account of his police statement with the police report Bowden wrote immediately after taking his statement.[13] He points out that the officer did not use the word "planning" therein, but instead wrote, "[Espinosa] said that they were *talking* for weeks prior about how and where they could make a 'quick buck,' and what they would get if they took money from a business in town."[14] In addition, he points out that the officer did not include in the report that he and Anderson decided that night to rob the convenience store. Espinosa contends that the prosecutor misstated the facts by telling the jury during opening statement that the evidence would show that he had been "planning this crime" for some weeks.

Generally, a witness is permitted to testify as to his present recollection of a matter, even if he has made a prior inconsistent statement concerning it. Here, however, we find no inherent inconsistency, and the fact that Bowden did not include in his police report that Espinosa stated that he and Anderson decided to rob the convenience store that night does not require a finding that Espinosa did not make the statement. Furthermore, the record shows that Espinosa's attorney was allowed to cross-examine Bowden at the *Jackson-Denno* hearing and at trial. Indeed, at trial, the attorney asked Bowden, "Isn't it true that [Espinosa] actually said he was talking with other people weeks prior about how they could make a quick buck?" And Bowden answered, "Yes." Accordingly, this argument shows no mischaracterization of the evidence, no violation of due process, and no basis for any objection.

(ii) Next, Espinosa argues that his trial counsel should have objected to the prosecutor's opening statement that "[t]hey didn't quite have the stories together." He complains that this remark suggested that he and Anderson had a reason to conjure an account

---

[12] *Hayes v. State*, 262 Ga. 881, 884-885 (3) (c) (426 SE2d 886) (1993).

[13] This document implicated Anderson and was not introduced in evidence, but was used to refresh Bowden's memory.

[14] (Emphasis supplied.)

of their evening and asserts that the evidence shows that Anderson alone committed the armed robbery.

Pretermitting whether the cited remark made by the prosecutor referred to Espinosa at all,[15] the evidence authorized a finding that Espinosa and Anderson were parties to the armed robbery. And a comparison of Espinosa's statement to police with Anderson's did authorize a finding that their accounts of their time together that night starkly differed. Furthermore, Espinosa's trial attorney was allowed to cross-examine the officers who wrote down the statements. Accordingly, this argument is without merit.

(iii) Espinosa also argues that his trial counsel should have objected to the prosecutor's characterization of testimony by Garrett, the police officer who initiated the lookout for the Grand Prix. Espinosa complains that the prosecutor told the jury that there would be evidence that the car looked like it was "casing" the store. But Garrett did testify that the odd driving maneuver by the car aroused his suspicion that it had been involved in the reported armed robbery. Therefore, the prosecutor's characterization of the officer's testimony was not inaccurate. Moreover, Espinosa's trial attorney was given the opportunity to cross-examine Garrett. This argument is without merit.

(iv) In addition, Espinosa argues that his trial counsel should have objected to an assertion in the prosecutor's opening statement that, during the foot chase, Espinosa was seen "jumping fences." Testimony about the foot chase showed that when officers spotted Espinosa running through a residential yard, they "[s]tarted jumping fences trying to get closer to him. . . . At that point [Espinosa] wasn't jumping any fences." But Espinosa's trial attorney was allowed to cross-examine the state's witnesses concerning the foot chase. We find no deprivation of due process and no reasonable probability that an objection to the cited statement by the prosecutor would have resulted in a different outcome of Espinosa's trial.

(b) Espinosa argues that his trial counsel rendered ineffective assistance by failing to request a charge on the lesser included offenses of robbery by intimidation and theft by taking. Trial counsel explained at the motion for new trial hearing that he did not request these charges because he did not believe that the trial court would grant such a request. And, he explained, the defense was not that a gun had not been used, but that Espinosa had no intent to commit the charged crime.

---

[15] The record reflects that the prosecutor was discussing conflicting carjacking reports made by Anderson and Anderson's girlfriend.

Where, as here, the uncontradicted evidence showed completion of the offense of armed robbery, and no evidence was presented to the effect that a weapon was not used in the robbery, the defendant is not entitled to a jury charge on the lesser included offenses of robbery by intimidation or theft by taking.[16] Thus, we find no deficient performance in the attorney's decision not to request charges on the lesser included crimes, but instead to assert a defense based upon insufficient evidence of the element of intent. Further, given the uncontradicted evidence pertaining to the use of a weapon during the robbery, we find no reasonable probability that a charge on these lesser included crimes would have resulted in a different outcome of Espinosa's trial.

(c) Espinosa argues that his trial counsel rendered ineffective assistance by failing to call defense witnesses. At the motion for new trial hearing, Espinosa's attorney called several witnesses whose testimony would have been of only limited value to the defense. Espinosa's trial counsel explained that he did not call witnesses at trial in an effort to preserve the right to final closing argument. As of the date of Espinosa's trial,[17] this was a recognized strategy of trial counsel, and under the circumstances of this case, did not demonstrate ineffective assistance.[18]

(d) Espinosa argues that his trial counsel rendered ineffective assistance by failing to move to sever his trial from Anderson's. He asserts that evidence of Anderson's guilt was stronger than evidence showing his guilt; that merely being tried with Anderson — the person identified by the clerk as the gunman who took money from her — tainted him; and that Anderson's defense based upon mistaken identity was "preposterous" and compromised his defense based upon lack of intent. Espinosa complains that by being tried with Anderson, he "gained nothing and lost much."

Espinosa's trial attorney testified at the hearing on the motion for new trial that, because both Espinosa and Anderson had elected not to testify, he had made a strategic decision that they should be tried together so that they could take advantage of the protection

---

[16] *Clark v. State*, 279 Ga. 243, 247 (7) (611 SE2d 38) (2005); *Houston v. State*, 267 Ga. App. 383, 386 (2) (599 SE2d 325) (2004).

[17] Espinosa was tried prior to July 1, 2005. "As amended effective July 1, 2005, OCGA § 17-8-71 provides: 'After the evidence is closed on both sides, the prosecuting attorney shall open and conclude the argument to the jury. The defendant shall be entitled to make a closing argument prior to the concluding argument of the prosecuting attorney.'" *Warren v. State*, 281 Ga. App. 490, 491 (2) (636 SE2d 671) (2006).

[18] See *Harris v. State*, 274 Ga. 422, 427-428 (9) (554 SE2d 458) (2001); *Dewberry v. State*, 271 Ga. 624, 625 (2) (523 SE2d 26) (1999); *Rowland v. State*, 228 Ga. App. 66, 70 (3) (e) (491 SE2d 119) (1997).

prescribed for co-defendants by *Bruton v. United States*.[19] Therefore, he filed a motion in limine asserting that the prosecution would attempt to introduce the co-defendants' individual statements, that each statement tended to incriminate the other defendant, and that admission of "any of these statements" into evidence would be contrary to *Bruton*. In a hearing on this motion on the day of trial, however, Espinosa's attorney did not seek to exclude the statements in their entirety, but sought an order "that the state . . . refrain from mentioning *parts* of [one defendant's police statement] that tend to incriminate the other defendant."[20] The court so ordered.

Espinosa asserts that this strategy protected him from nothing because Anderson's statement did not implicate him. He further asserts that this strategy deprived him of evidence that would have aided his defense. Specifically, Espinosa complains that the jury was not presented that portion of his statement in which he stated that during the high speed chase, Anderson was commanding him to continue driving and threatening that he would "shoot everyone" if he did not. Espinosa further complains that the jury was not presented that portion of his statement in which he claimed that Anderson was also telling him that they would bail out of the car together, and if he (Anderson) reached the house first, he (Anderson) would "shoot them." Espinosa claims that these redacted portions of his police statement supported a defense that Anderson had coerced him into fleeing from the police and would have shown that he did not have the intent to commit the armed robbery.

Espinosa overlooks another part of his statement to police that he and Anderson had been planning for weeks on how they could make a "quick buck" by taking money from a business and that when they drove in front of the convenience store that night, they decided to take money from that business.[21] Because this part of Espinosa's statement incriminated Anderson, the ruling procured by Espinosa's trial counsel under *Bruton* redacted it. Accordingly, the jury did not hear that Espinosa had admitted to having conspired with Anderson to rob the clerk of the convenience store on that night — an admission that plainly contradicted his defense that Anderson, but not he, had

---

[19] 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968). In *Bruton*, the Court held that a defendant's Sixth Amendment right of confrontation is violated, despite cautionary instructions, when: (a) co-defendants are tried jointly; (b) one co-defendant's confession is used to implicate the other co-defendant in the crime; and (c) the co-defendant who made the implicating statement employs his Fifth Amendment right not to testify and thus does not take the stand to face cross-examination about the statement. See *Mason v. State*, 279 Ga. 636, 638 (2) (b), n. 3 (619 SE2d 621) (2005).

[20] (Emphasis supplied.)

[21] See Division 2 (a) (i), supra.

the requisite intent to commit the armed robbery. We cannot find trial counsel's strategic decision unreasonable.[22]

Espinosa further asserts that because he was tried with Anderson, the jury did not hear that part of his police statement in which he said that he "never thought [he and Anderson] would actually do it tonight." The record reveals that in ruling on Espinosa's trial counsel's motion in limine, the trial court precluded evidence of what one co-defendant said in his police statement about the other co-defendant. The court further directed that where one co-defendant described to police a joint act with the other co-defendant, "[The testifying police officer] will refer to the one defendant and not the other. [The testifying police officer] won't even say they." Thus, contrary to Espinosa's assertion on appeal, the ruling procured by Espinosa's trial counsel under *Bruton* did not bar what Espinosa claims was pertinent to his defense — evidence that *he* had not thought that the robbery would be committed that night.

At any rate, given the overwhelming evidence of Espinosa's guilt, we find no reasonable probability that the outcome of his trial would have been different had Espinosa been tried separately from Anderson. Although Espinosa and Anderson might have disagreed about their course of action during their attempted escape after the armed robbery was complete, the evidence introduced at trial showed that for weeks, Espinosa had been talking about making a "quick buck" and planning to rob a store; that accordingly, Espinosa waited in a getaway car while Anderson went into the store, took money at gunpoint, and thereafter reunited with Espinosa, bringing money he had taken; and that Espinosa then drove the getaway car in a high speed chase involving multiple police cars and resulting in a crash, after which he fled from the police on foot.

3. Espinosa contends that he was denied due process. He asserts that during the *Jackson-Denno* hearing and on direct examination, Bowden mischaracterized what he said in his statement. And he asserts that the prosecutor reiterated Bowden's mischaracterization during opening statement. But Espinosa concedes that his counsel made no timely objections, and we have determined in Division 2 that trial counsel's failure to object on these grounds did not amount to ineffective assistance.

*Judgment affirmed. Smith, P. J., and Ruffin, J., concur.*

---

[22] See *Smith v. State*, 269 Ga. App. 133, 142-143 (4) (d) (603 SE2d 445) (2004); see generally *Botelho v. State*, 268 Ga. App. 129, 133 (3) (a) (601 SE2d 494) (2004).

DECIDED FEBRUARY 22, 2007 —
RECONSIDERATION DENIED APRIL 13, 2007 —

*Craig T. Pearson*, for appellant.
*Tom Durden, District Attorney, Henry P. Smith, Assistant District Attorney*, for appellee.